ALLEMANIA FIRE INS. CO. v. ANGIER.*
(No. 6094.)

(Court of Civil Appeals of Texas. May 21, 1919.)

1. HUSBAND AND WIFE ⬅➡270(5) — INSURANCE ON COMMUNITY PROPERTY—HUSBAND AS PLAINTIFF.

Suit on a policy of insurance issued to a wife covering household goods constituting the community property of the wife and her husband was properly brought in the name of the husband.

2. INSURANCE ⬅➡327 — WAREHOUSEMEN AS AGENTS—REMOVAL OF INSURED PROPERTY.

Warehousemen were the agents of the owners of insured goods for the purpose of storing the property, and the removal by them of the property was in law the act of the insured owners, in so far as the insurer is concerned.

3. INSURANCE ⬅➡327 — FIRE INSURANCE—BREACH OF CONDITION—PROXIMATE CAUSE—STATUTE.

Removal to other and safer storage quarters by warehousemen with whom insured community property of husband and wife was stored held not to have proximately caused or contributed to cause the fire which destroyed the goods in the new quarters within Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a, providing that no breach by insured of any of the warranties, etc., of any fire policy, shall avoid it unless such breach contributed to bring about the destruction of the property.

4. INSURANCE ⬅➡327—FIRE INSURANCE—REMOVAL AS BREACH OF "CONDITION"—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a, providing no breach by insured of a warranty or condition of a fire policy shall void it unless contributing to bring about destruction of the property, the owners of household goods, in storage, and insured against fire while on the particular premises, and not elsewhere, could recover for their destruction in premises, to which the warehousemen removed the goods; such removal by insured through their agents being a breach of "condition," and not having caused the loss.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Condition.]

5. INSURANCE ⬅➡311½—REMEDIAL STATUTE—CONSTRUCTION.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a, providing no breach by insured of a warranty or condition of a fire policy shall void it unless contributing to bring about destruction of the property, being a remedial statute, should be liberally construed to effect its purpose.

Error from District Court, McLennan County; Geo. N. Denton, Judge.

Suit by A. P. Angier against the Allemania Fire Insurance Company. To review judgment for plaintiff, defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for plaintiff in error.

W. L. Eason, of Waco, for defendant in error.

JENKINS, J. This is a suit upon an insurance policy issued to Mrs. A. P. Angier, upon certain household and kitchen furniture. Mrs. Angier is the wife of A. P. Angier, and the property insured was the community property of herself and husband. The policy was issued March 2, 1916, and provides, among other things, that it insures the property while it is located at 226–228

South Eighth street, Waco, Tex., and not elsewhere. This was the location of McCreary's warehouse, in which the goods were stored.

In August, 1916, McCreary moved his warehouse to another block, and on a different street in Waco, Tex., which place, together with the property mentioned in the policy herein sued on, was destroyed by fire on the 28th day of January, 1917. The building previously occupied by McCreary on Eighth street had not been burned. The court, after hearing the testimony, instructed the jury to return a verdict for the plaintiff, which was done, and judgment was entered in accordance therewith.

[1] We do not think there is any merit in the contention of plaintiff in error that the suit was improperly brought in the name of A. P. Angier; the property being community property of himself and wife, he was the proper party plaintiff.

The action of the court in instructing a verdict for plaintiff was evidently based upon article 4874a, Vernon's Sayles' Ann. Civ. St. 1914, which provides:

"That no breach or violation by the insured of any of the warranties, conditions or provisions of any fire insurance policy, contract of insurance, or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation contributed to bring about the destruction of the property."

It is the contention of plaintiff in error: (a) That the removal of the property did not constitute a breach or violation of any of the warranties, conditions, or provisions of the policy; (b) that the removal was not by the insured; and (c) if so, that such removal contributed to bring about the destruction of the property.

[2] McCreary & Co. were the agents of the insured for the purpose of storing the property, and the removal by them of the property was in law, in so far as the insurance company is concerned, the act of the insured.

[3] By the expression in the statute, "unless such breach or violation contributed to bring about the destruction of the property," we think is meant being a proximate cause of such destruction; that is to say, that such removal caused or contributed to cause the fire. This it did not do. The house to which the goods were removed was a less hazardous risk than the one on Eighth street. The fact that the goods were in the house, which was destroyed by fire, was a condition by reason of which they were burned, but not a cause of their destruction.

[4, 5] This brings us to the consideration of the question: Was the removal of the goods by the insured from the warehouse on Eighth street to the house in which they were burned "a breach or violation of any of the warranties, conditions or provisions of the policy"? In the case of British Assurance Co. v. Miller, 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545, 66 Am. St. Rep. 901, the facts were that the policy was issued on the household goods and wearing apparel of Judge Miller, who lived at Wichita, Tex., and recited that the same were insured while in his residence, describing the location of the same, and not elsewhere. Judge Miller with his family was at Henrietta, having with them a portion of the goods insured, which were destroyed in the boarding house where they were staying. The Supreme Court in that case held that the insurance company was not liable. This upon the ground that the goods destroyed were not within the terms of the contract, for the reason that the contract provided for their insurance while they remained in the place described in the policy and not elsewhere.

We quote from 2 Cooley's Briefs, ———, as follows:

"On the question whether a statement in the policy that the personal property insured is situated in a certain place or contained in a certain building is a warranty that it shall remain in such location, the courts are in direct conflict. The weight of authority, however, is that statements as to location are matters of description only, and not continuing warranties. * * * At best, such a statement is only a warranty in præsenti. United States Fire & Marine Ins. Co. v. Kimberly, 34 Md. 224, 6 Am. Rep. 325. Or, giving it the very broadest possible construction, it could be regarded as no more than an implied warranty that the insured would not voluntarily move the property. Western & Atlantic Pipe Lines v. Home Ins. Co., 145 Pa. 346, 22 Atl. 665, 27 Am. St. Rep. 703."

Mr. Justice Brown in the Miller Case, supra, distinguishes the class of cases referred to in the foregoing excerpt from Cooley's Briefs. He says:

"But in the cases referred to (being of the same character as those referred to in the above excerpt) the terms of the policy were less definite than is the one now before the court. In the policy under consideration, the property is insured 'while located and contained as herein described, and not elsewhere,' * * * showing that the property was not insured while out of the house."

In other words, the reference to the place where the goods were stored was not intended as a description of the same, but as a limitation upon the insurance thereof. And so it is under the policy here under consideration. By the express terms of the contract, the policy is limited to the place mentioned therein, and is not effective if the goods at the time of their destruction were elsewhere. The policy, as stated by Mr. Justice Brown in the Miller Case, was not forfeited by the removal of the goods; but, while they remained away from the place described in the policy, they were not covered by the contract.

But for the statute hereinabove referred to, it is plain, under the authority of the Miller Case, supra, that no recovery could be had in the instant case. Does this statute apply to the facts of this case? We hold that it does. We think the statute intended to make insurance companies liable on every policy on personal property not procured by fraud, unless the insured, by some act done, permitted, or omitted contrary to the provisions of the policy, "contributing to bring about the destruction of the property." This is indicated by the preamble to the act enacting article 4874a, supra. Said preamble reads as follows:

"An act to prevent fire insurance companies from avoiding liability for loss and damage to personal property under technical and immaterial provisions of the policy or contract of insurance where the act breaching such provision has not contributed to bring about the loss, and declaring an emergency." Acts 33d Leg. Regular Session, p. 194.

The emergency clause of this act is as follows:

"Whereas, under the existing laws, insurance policies and contracts may be defeated upon purely technical provisions and defenses that in no way affect the merits of the claim against the insurance company, and such defenses have been upheld to the extent of making it almost impossible for an insurance policy upon personal property to be collected by suit, creates an emergency," etc.

The clause of the policy which limits the insurance to a particular place has the same effect as it would have if it should be construed as containing promissory warranty. In either event, it would defeat recovery but for the statute, if the insured should have removed the goods to another place at the time of their destruction. However, if this clause is not a continuing warranty, it is a "condition." The policy would have been the same in substance and in legal effect, if, instead of reading, "the goods are insured while at a certain place, and not elsewhere," it had read, "upon condition that they remain at such place, and be not removed elsewhere." Also it is in substance a "provision"; that is to say, the policy, insured the goods mentioned, provided they remained in the place described in the policy, and be not removed elsewhere.

If this clause of the policy be either a "warranty," a "condition," or a "provision" of the policy, the statute declares its breach or violation by the insured shall constitute no defense to a suit thereon, unless such breach or violation contributed to bringing about the destruction of the property. The contract insured the property for one year, and all limitations therein in the nature of warranties, conditions, or provisions are rendered immaterial by the statute, unless a breach or violation of the same by the insured contributed to the loss. The language of the statute is very broad, and we think it is intended to provide for every emergency that would otherwise be a defense to the policy, which does not go to the merits of the case. This is further made evident by the preamble and the emergency clause above set out. The statute is remedial in its nature, and should be liberally construed to effect its purpose; and that purpose evidently is to render nugatory every clause of the policy which might otherwise serve as a technical defense.

The pleadings and the evidence raise the issue as to whether plaintiff was entitled to recover upon an oral contract. The evidence upon this point was not sufficient to justify the court to give a peremptory instruction for the plaintiff. If the judgment is to be based upon this issue, it sould have been submitted to the jury. Likewise, we are inclined to the opinion that the evidence with reference to waiver by the insurance company was an issue that should have been submitted to the jury, if the judgment of the court was to be based on such issue.

But for the statute hereinabove referred to, we would hold that this case should be reversed and remanded. Construing the statute as we do, we hold that the trial court did not err in peremptorily instructing the jury for the plaintiff. For the reason stated the judgment of the trial court is affirmed.

Affirmed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes