## LANDMAN v. STATE.

### No. 3432.

Court of Civil Appeals of Texas. El Paso.
Sept. 24, 1936.

Rehearing Denied Oct. 22, 1936.

Ernest A. Landman, of Athens, in pro. per.

Wm. McCraw, Atty. Gen., and Curtis E. Hill, Asst. Atty. Gen., for the State.

PELPHREY, Chief Justice.

On March 7, 1931, the Athens National Bank of Athens, Tex., was the county depository of Henderson county, Tex. It closed on that date owing the county of Henderson and the state of Texas together the sum of $515,720.67. On March 12th following, the representatives of the bank, the commissioners' court of Henderson county and the Attorney General of the state of Texas reached a liquidating agreement under which the sureties on the depository bond were released. About a week later, however, plaintiff in error was employed by the commissioners' court to handle the matter for the county. A written agreement was drawn giving plaintiff in

error a commission of 10 per cent. of the amount recovered and providing a retainer. This agreement contained the following provision: "5. The state has not paid any retainer and I am to be paid ten per cent of the recovery by the State."

Plaintiff in error brought suit in behalf of both the state and county and judgment was rendered in favor of the state for the sum of $22,500.

The Third Called Session of the Forty-Third Legislature (Gen. & Sp. Laws 1934, c. 56) granted plaintiff in error permission to bring suit against the state for his commission in the sum of $2,250.

Plaintiff in error then filed this suit in the district court of Henderson county seeking to recover the $2,500 on the theory that the state was indebted to him by virtue of the contract made by the commissioners' court of Henderson county and in the alternative that the state was liable on quantum meruit.

The trial court sustained a general demurrer to plaintiff in error's petition, and he has appealed.

### Opinion.

Two questions present themselves for our determination, viz: (1) Did the commissioners' court of Henderson county have the authority to bind the state for attorney's fees in the suit? and (2) Would the state be liable on a quantum meruit basis in the absence of such authority?

 Commissioners' courts can exercise only such powers as the Constitution or the Legislature specifically confers upon them, Constitution, art. 5, § 18; Bland v. Orr, 90 Tex. 492, 39 S.W. 558; Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403, and in the absence of some constitutional provision or legislative enactment the contract here in so far as it attempted to obligate the state would be of no effect. No such provision has been pointed out.

There is no contention made that plaintiff in error was employed by any person other than by the commissioners' court of Henderson county to act on behalf of the state, and, therefore, no implied contract to pay arises.

No one can legally claim compensation for voluntary services to another, however beneficial they may be, especially where rendered without his knowledge or consent, nor for incidental benefits and advantages to one, flowing to him on account of services rendered to another by whom the attorney may have been employed. 6 C.J. § 301, p. 730.

There being neither express nor implied agreement to pay for services rendered, a moral obligation to pay would not support an appropriation by the Legislature for that purpose. State v. Perlstein et al. (Tex.Civ.App.) 79 S.W.(2d) 143 (writ dismissed).

We have concluded that both questions should be answered in the negative, and the judgment of the trial court accordingly affirmed.