

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. William L. Kerr
District Attorney
Pecos, Texas

Dear Sir:

Opinion No. O-1733
Re: (1) Interpretation of our Opinion
No. O-241;
(2) Whether or not the commissioners'
courts of Reeves, Loving, Ward and
Winkler Counties may expend county
funds as a contribution to the salary
and expense of a special ranger em-
ployed by a cattle raisers' associa-
tion for the purpose of inspecting
stock shipments, apprehending cattle
thieves, examining butchers' reports,
assisting local officers in the en-
forcement of the law, etc.

Your letter of recent date, touching the above questions, has been given our careful attention.

We are quoting the body of your letter which fully sets out the facts surrounding your inquiry:

"In the opinion referred to above, your office held that the Commissioners Court had no authority to pay out of county funds money for the employment of a special officer work-ing in four counties to apprehend cattle thieves, holding that such office did not exist at law and that the Commissioners Courts were without authority to create such office.

"In the counties of Reeves, Loving, Ward and Winkler a Cattle Raisers' Association has been formed and an officer has been employed by them to inspect stock shipments and to appre-hend cattle thieves, etc. The employee who serves this association has a special Ranger's commission which has been issued to him by the Department of Public Safety, and he performs a

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

worthwhile and needed work in the territories affected. He examines butchers' reports in the various counties and assists local officers in every manner possible in law enforcement and serves as inspector for stock shipments, and kindred duties.

"The four counties served by the Special Ranger each contribute a sum of money to the salary of this officer and such county receives services from the officer, and the governing bodies of the said counties are well pleased with the services rendered and have no objection whatever to contributing toward his compensation and expense.

"I shall appreciate it if you will advise me as to whether, in your opinion, the opinion referred to covers the case of a man who is a Special Ranger and who is paid by each county for work done in such respective county. The system has been in operation for years in this country and has proven very satisfactory."

Our opinion No. O-241, a copy of which is enclosed herewith for your information, was primarily concerned with the creation of a four-county office by the counties involved. We held that such office would have no official character inasmuch as it does not and would not exist by creation of law. Also, that a deputy sheriff appointed in any of the counties involved under the applicable statutes of Texas, could serve as such in only one county, that of his residence and appointment. Further, it was pointed out that Article 7155a, Vernon's Annotated Civil Statutes, is the only statute conferring authority on the commissioners' court to pay the compensation of any special officer employed for the purposes set out in the statute. Hence, if this statute were not complied with, the commissioners' court would be unauthorized to pay, out of county funds, the compensation of any such special officer, employed for the purposes set out in the statute.

Under the facts as set out in your communication, however, the question alone is the authority of the commissioners' court of each of the four counties involved to

Hon. William L. Kerr, Page 3

expend county funds as a contribution to the payment
of the salary and expense of the special officer em-
ployed by the Cattle Raisers' Association. It is mani-
fest that no attempt has been made, under the facts as
given, to comply with Article 7155a, supra.

There is no authority in the Constitution or
Statutes of Texas for the expenditures of county funds
by the commissioners' courts of the four counties in-
volved for the purposes described.

It is the settled law in Texas that county
commissioners' courts may exercise only such authority.
as is conferred by the Constitution or Statutes of Texas;
and that commissioners' courts are not vested with general
police power. There are abundant authorities to this
effect. We cite the following:

NUNN-WARREN PUBLISHING CO. VS. HUTCHINSON COUNTY,
45 SW 2nd 651;
HOGG VS. CAMPBELL, 48 SW 2nd 515;
IANDMAN VS. STATE, 97 SW 2nd 264;
EL PASO COUNTY VS. ELAM, 106 SW 2nd 393;
HOWARD VS. HENDERSON COUNTY, 116 SW 2nd 279;
COMMISSIONERS' COURT OF HARRIS COUNTY VS. KAISER,
23 SW 2nd 840;
DOBSON VS. MARSHALL, 118 SW 2nd 621;
AMERICAN SURETY CO. VS. HILL COUNTY, 267 SW 265;
HILL COUNTY VS. BRYANT & HUFFMAN, 264 SW 520;
COMMISSIONERS' COURT VS. WALLING, 15 SW 2nd 535;
BLAND VS. ORR, 39 SW 558;
MILLS COUNTY VS. LAMPASAS COUNTY, 40 SW 404;
BALDWIN VS. TRAVIS COUNTY, 88 SW 484;
TEXAS JURISPRUDENCE, Vol. 11, pages 563-566, Inc.;
ARTICLE 5, Section 18 of the TEXAS CONSTITUTION;
ARTICLE 2351, REVISED CIVIL STATUTES OF TEXAS.

Such has been the uniform holding of this Depart-
ment on similar questions. For example, it was held by
this Department in opinion No. 0-591, to Hon. Chas. H.
Theobald, County Attorney, Galveston, Texas, that the
commissioners' court of Galveston County, Texas was without

Hon. William L. Kerr, Page 4

authority to expend county funds for the employment of life guards for the Galveston Beach; it was held by this Department in opinion No. O-1299, to Hon. John R. Shook, Criminal District Attorney, San Antonio, Texas, that the commissioners' court of Bexar County could not legally expend monies from any of the Bexar County funds for fire protection from the city of San Antonio for districts outside of the city and in the county of Bexar; and in opinion No. O-1085, to Hon. Shelburne H. Glover, County Attorney, Marion County, Jefferson, Texas, that the commissioners' court was without authority to expend county funds to pay or help pay the salary of a game warden where his services were necessary for the protection of fish and game, and to prevent the pollution of fresh waters with refuse oil.

You are, therefore, respectfully advised, after careful and sympathetic consideration of your letter, that it is the opinion of this Department that the commissioners' courts of Reeves, Loving, Ward and Winkler Counties are without authority to expend county funds as a contribution to the compensation and expense of a special officer employed by a Cattle Raisers' Association to inspect stock shipments, apprehend cattle thieves, examine butchers' reports, assist local officers in the enforcement of the law, etc.

We have withheld the release of this opinion following the request of a delegation of interested cattle men from the counties involved, with whom we conferred on November 27, 1939, that their county attorney, who accompanied them, might submit us a brief upon the question involved. We have received no further communication and, trusting that the above adequately answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

APPROVED DEC 23, 1939
_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

By _Zollie C. Steakley_
Zollie C. Steakley

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN

ZCS:AW