

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~XXIEXXXIXIXXX~~

ATTORNEY GENERAL

Hon. L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

        Opinion No. 0-1001
        Re: Can the commissioners' court
            legally make donations to the
            Tuberculosis Association, to
            the American National Red Cross,
            or to any other charitable or
            other organization making re-
            quests for such donations?

        Your request for opinion upon the above stated question has been received and considered by this department.

        We are unable to find any constitutional or statutory authority for the expenditure or donation of county funds by the commissioners' court for the purposes above described.

        The courts of Texas have repeatedly held that county commissioners' courts may exercise only such authority as is conferred by the Constitution and Statutes of this State. There are abundant authorities to this effect. We cite the following:

        Article 5, Section 18, Texas Constitution;
        Article 2351, Revised Civil Statutes of Texas;
        Texas Jurisprudence, Vol. 11, pages 563-566;
        Bland vs. Orr, 39 SW 558;
        Nunn-Warren Publishing Company vs. Hutchinson
            County, 45 SW 2nd 651;
        Hogg vs. Campbell, 48 SW 2nd 515;
        Landman vs. State, 97 SW 2nd 264;
        El Paso County vs. Elam, 106 SW 2nd 393;
        Howard vs. Henderson County, 116 SW 2nd 2791;
        Dobson vs. Marshall, 118 SW 2nd 621;
        Mills County vs. Lampasas County, 40 SW 404.

        This department has repeatedly ruled to the same effect. For example, opinion No. 0-591 of this Department held that the commissioners' court of Galveston County, Texas was without

authority to expend county funds for the employment of life guards for Galveston Beach; opinion No. 0-1085 of this Department held that the commissioners' court of Marion County, Texas was without authority to pay the salary of a game warden; and opinion No. 0-1299 of this Department held that the commissioners' court of Bexar County, Texas, was without authority to expend county funds for fire protection from the City of San Antonio for outside the city of San Antonio and in the county.

Conference Opinion No.  2662 of this Department, dated February 4, 1927, Book 62, p. 48, 1926-1938 Attorney General's Report, p. 390 et seq., written by Hon. D. A. Simmons, First Assistant Attorney General, held that the commissioners' court had no authority to appropriate public funds to charitable organizations managed and controlled by private individuals and that Constitution of 1876, Art. 3, Section 50, 51 and 52; Art. 8, Sec. 3; Art. 11, Sec. 3, and Art. 16, Sec. 6 referred to, prohibit the appropriation of public funds to charities operated by private individuals.

You are therefore respectfully advised that it is the opinion of this department that the county commissioners' court is without lawful authority to expend or donate county funds for the purposes above mentioned.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:wc'

APPROVED DEC 13, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE BY s/BWB CHAIRMAN