

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 21, 1939

Hon. W. Eugene Tate
County Attorney
Hamilton County
Hamilton, Texas

Dear Sir:

Opinion No. 0-281
Re: Authority of Commissioners' Court
to employ stenographer for U. S.
Farm Credit Administration, and
pay said stenographer out of County
Funds.

We have your letter of February 3rd relative
to the authority of the Commissioners' Court of Hamilton County to employ a stenographer for the United
States Government's Farm Credit Administration office
and pay said stenographer's salary from county funds.
You request our opinion as to the legality of such
procedure.

The general powers of the Commissioners'
Court are limited to those specifically designated by
the Constitution and statutes of this State. Article
5, section 18 of the Constitution reads, in part, as
follows:

"The county Commissioners so chosen,
with the County Judge as presiding officer,
shall compose the County Commissioners Court,
which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of
the State, or as may be hereafter prescribed."

The statutory authority for the court's powers
is contained in Article 2351, R. C. S., containing fifteen specified sub-divisions, two of which we quote:

"11. Provide for the support of paupers
....residents of their county, who are unable

To support themselves......By the term resi-
dent as used herein, is meant a person who
has been a bona fide inhabitant of the county
not less than six months and of the State
not less than one year.
................
"15. Said court shall have all such
other powers and jurisdiction, and shall per-
form all such other duties, as are now or may
hereafter be prescribed by law."

We observe that the constitutional prpvision,
supra, limits the jurisdiction of the Commissioners'
Courts to strictly "county business". Even the legisla-
ture has no authority to enlarge thêir powers or juris-
diction. Any attempt, from any source, to confer upon
the court authority or jurisdiction of a matter which
is not "county business" is void. Sec. 11, Tex. Jur.
565, Sun Vapor Electric Light Co. v. Kennan, 88 Tex. 197,
30 SW 868; Ranken v. McCallum 25 Civ. App. 83, 60 SW
975; Landman vs. State, 97 SW(2d) 264 (Civ. App., writ
refused).

The Farm Credit Administration is a creature
of the Federal government. The county Commissioners'
Court of Hamilton County could have no jurisdiction,
express or implied, to supervise or direct its activity.
It might recommend, but such recommendation would have
no more force or effect, insofar as the law provides,
than that of the humblest citizen. Thus, we see no
reasonable deduction to be made that employment of a
stenographer for an agency of the Federal government
would be within the scope of "county business".

The statutory language of the "pauper" statute
(Subdivision 11 of Art. 2351, supra), is not sufficient
to permit the employment and compensation of said steno-
grapher by the county. We do not concede by any means
that all applicants for assistance from the Federal Farm
Credit administration are paupers. If such were suscepti-
ble of no other designation, we think it would be the
duty of the Commissioners' Court to pass on the necessity
and need of the applicants. Each individual case would
need to be considered separately. We fail to perceive
how this might be done by the court approving, appoint-

ing and paying a stenographer.

With reference to subdivision 15 of Article 2351, for the matter before us to come within its purview, there would of necessity be a specific statute authorizing such stenographer. We fail to find such legislative enactment, general or special.

You are therefore advised it is the opinion of this department the Commissioners' Court of Hamilton County has no authority to employ a stenographer for the United States Farm Credit Administration and pay such stenographer from County funds.

We wish to thank you for your clear presentation of the matter in your letter and enclosed brief.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (signed)  Benjamin Woodall

Benjamin Woodall
Assistant

BW:AW

APPROVED:

(signed)  Gerald C. Mann

ATTORNEY GENERAL OF TEXAS