

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN

XXXXXXXXXXXXXXXX

ATTORNEY GENERAL

Honorable William L. Kerr
District Attorney
Pecos, Texas

Dear Sir:

Opinion No. 0-2594
Re: Commissioners' courts -- Nata-
toriums -- County parks.

Your request for an opinion has been received and care-
fully considered by this Department. We quote from your letter
as follows:

"May Winkler County levy a tax for the Perma-
nent Improvement Fund to pay the costs of con-
structing a natatorium, housing for same, and
other constructions appurtenant thereto, without
calling an election?

"The proposed site for the natatorium is Ker-
mit Independent School property adjacent to the
High School Building in Kermit. Will you advise
whether the school should give the county a 99
year lease or transfer the title to the county.

"The school proposes to have custody of and
maintain the natatorium after the completion. The
natatorium will be for the benefit of the public."

We are also in receipt of a copy of your opinion upon
the above stated questions where you hold that the first ques-
tion should be answered in the negative and that the commis-
sioners' court is without authority to expend county funds for
a natatorium building to be managed and controlled by a school
district.

We quote from 11 Texas Jurisprudence, pages 563-4-5, as
follows:

"Counties, being component parts of the state,
have no powers or duties except those which are
clearly set forth and defined in the Constitution
and statutes. The statutes have clearly defined
the powers, prescribed the duties, and imposed the
liabilities of the commissioners' courts, the medium

through which the different counties act, and
from those statutes must come all the authority
vested in the counties  . . . .

". . . . Commissioners' courts are courts of
limited jurisdiction, in that their authority ex-
tends only to matters pertaining to the general
welfare of their counties and that their powers are
only those expressly or impliedly conferred upon them
by law, that is, by the Constitution and statutes of
the state . . . ."

The courts of Texas have repeatedly held that county
commissioners' courts may exercise only such authority as is
conferred by the Constitution and statutes of this state.  There
are abundant authorities to this effect.  We cite the following:

"Article 5, Section 18, Texas Constitution.
Article 2351, Revised Civil Statutes of Texas.
11 Texas Jurisprudence, pages 563-566.
Bland v. Orr, 39 S. W. (2d) 558.
Nunn-Warren Publishing Co. v. Hutchinson County,
     45 S.W. (2d) 651.
Hogg v. Campbell, 48 S.W. (2d) 515.
Landman v. State, 97 S.W. (2d) 264.
El Paso County v. Elam, 106 S.W. 393.
Howard v. Henderson County, 116 S.W. (2d) 791.
Dodson v. Marshall, 118 S.W. (2d) 621.
Mills County v. Lampasas County, 40 S.W. 404."

Article VIII, Section 9, of our State Constitution, pro-
vides among other things, for the levy of a tax by the county
for the erection of public buildings, streets, sewers, waterworks
and other permanent improvements, not to exceed twenty-five cents
on the one hundred dollars in any one year.

Article 2351, Vernon's Annotated Texas Civil Statutes,
reads in part as follows:

"Each commissioners' court shall

". . . . .

"7. Provide and keep in repair courthouses,
jails and all necessary public buildings . . . ."

Article 6078, Vernon's Annotated Texas Civil Statutes,
reads as follows:

"Each commissioners court is authorized to levy and collect a tax not to exceed five cents on each $100 of assessed valuation of the county for the purchase and improvement of lands for use as county parks which shall consist of not more than one hundred acres, and shall not exceed more than four in any one county. No such tax shall be levied and collected until the proposition is submitted to and ratified by the property tax-paying voters of the county at a general or special election called for that purpose, provided, a two-thirds majority of the property taxpaying voters of such county, at an election held for such purpose shall determine in favor of said tax. If said court desires to establish two or more of such county parks they shall locate them in widely separated portions of the county. Said court shall have full power and control over any and all such parks and may levy and collect an annual tax sufficient in their judgment to properly maintain such parks and build and construct pavilions and such other buildings as they may deem necessary, lay out and open driveways, and walks, pave the same or any part thereof, set out trees and shrubbery, construct ditches or lakes, and make such other improvements as they may deem proper. Such parks shall remain open for the fee use of the public under such reasonable rules and regulations as said court may prescribe."

Opinion No. 0-1083 of this Department holds that a "community recreational center" is not a public building within the contemplation of Article VIII, Section 9 of the Constitution and Section 7 of Article 2351, Revised Civil Statutes of Texas and that the commissioners' court would be without authority to expend county funds for such purpose. The opinion points out, however, that counties have authority to establish "county parks" under the provisions of Article 6078, Ver#on's Annotated Texas Civil Statutes.

Opinion No. 0-348 of this Department holds that the commissioners' court is without authority to expend county funds for the erection and construction of a weather forecasting bureau building.

We have been unable to find any statute authorizing the commissioners' court to expend county funds for the construction of a natatorium. We are of the opinion that a natatorium is not a public building within the contemplation of Article VIII, Section 9 of the Constitution and Article 2351, Revised Civil Statutes of Texas.

You are, therefore, respectfully advised that it is the opinion of this Department that your first question should be answered in the negative. However, if the county establishes a county park after a proper election is held for that purpose under Article 6078, supra, we think Article 6078 would be broad enough to permit the construction of a natatorium in said park.

In answer to your second question, you are respectfully advised that it is the opinion of this Department that the commissioners' court of a county has no legal authority to expend county funds for the erection and maintenance of a community natatorium building with management by a school district or its agents and employees. It is the further opinion of this Department that if a county park was established under authority of Article 6078 and a natatorium was constructed in said county park that the authority to manage and control said park and park natatorium would be in the county commissioners' court and said court would have no authority to delegate such control and management to any school district.

We wish to thank you for your well-reasoned opinion which has aided us greatly in passing upon these questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:BBB:wc

APPROVED AUG 19, 1940
s/Grover Sellers
 FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/REKChairman