

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
~~XXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. S. T. Phelps
County Attorney
Webb County
Laredo, Texas

Dear Sir:

Opinion No. 0-1779

Re: May a county commissioners' court
either appropriate current funds
of the county or raise money
through the channels provided by
law for the purpose of purchasing
a site for donation to the United
States Government for purposes of
a military reservation?

Your request for opinion upon the above stated question has been received and considered by this department.

We are unable to find any constitutional or statutory authority for the expenditure or appropriation of county funds by the commissioners' court for the purposes above described.

The courts of Texas have repeatedly held that commissioners' courts may exercise only such authority as is conferred by the constitution and statutes of this state. There are abundant authorities to this effect. We cite the following:

Article 5, Section 18, Constitution of Texas;
Article 2351, Revised Civil Statutes of Texas;
Texas Jurisprudence, Vol. 11, pages 563-566;
Bland vs. Orr, 39 SW 558;
Mills County vs. Lampasas County, 40 SW 404;
Nunn-Warren Publishing Co. vs. Hutchinson County,
    45 SW 2nd, 651;
Hogg vs. Campbell, 48 SW 2nd 515;
Landman vs. State, 97 SW 2nd 264;
El Paso County vs. Elam, 106 SW 2nd 393;
Howard vs. Henderson County, 116 SW 2nd 791;
Dodson vs. MArshall, 118 SW 2nd 621.

This department has repeatedly ruled to the same effect. For example, Opinion No. 0-591 of this department held that the commissioners' court of Galveston County, Texas, was without authority to expend county funds for the employement of life guards

for Galveston Beach; Opinion No. 0-1085 of this department held
that the commissioners' court of Marion County, Texas, was with-
out authority to pay the salary of a game warden; Opinion No.
0-1299 of this department held that the commissioners' court of
Bexar County, Texas, was without authority to expend county
funds for fire protection of portions of the county lying out-
side of the city of San Antonio, and that the county could not
contract with the city of San Antonio to furnish such fire pro-
tection for such portions of the county; and Opinion No. 0-1001
of this department held that the commissioners' court could not
legally make donations to the Tuberculosis Association, to the
American National Red Cross or to any other charitable organi-
zation making request for such donations.

       We call your attention to Article 5885, 5888, Revised
Civil Statutes of Texas, which reads as follows:

       "Each Commissioners' Court and the Council
or Commission of each City or Town in this State
is hereby authorized in their discretion, to appro-
priate a sufficient sum, not otherwise appropriated,
to pay the necessary expenses of the administrative
units of the National Guard of this State located
in their respective Counties and in or near their
respective Cities or towns, not to exceed the sum
of One Hundred ($100.00) Dollars per month for such
expenses from any one such Court, Council or Com-
mission for any one organization; and in addition,
in behalf of their respective Counties, Cities or
Towns, to donate, either in fee simple or otherwise,
to the Texas National Guard Armory Board, or to any
one or more of said units for conveyance to said
Board, one or more tracts of land as sites upon
which to construct Armories and other buildings
suitable for use by such units; and any and all
such donations heretofore made to said Board are
hereby validated and any such donation heretofore
made to any such administrative unit, either as a
corporation or otherwise, and conveyed or to be
conveyed to said Board, is hereby validated. As
amended Acts 1939, 46th Leg., S. B. #426, ¶ 1."

       While this article undoubtedly gives the commissioners'
court the power to donate in fee simple or otherwise, to the
Texas National Guard Armory Board, or to any one or more of said
units for conveyance to said Board, one or more tracts of land
as sites upon which to construct Armories or other buildings
suitable for use by such units, it does not authorize the commis-
sioners' court to purchase a site for donation to the United
States Government for purposes of a military reservation.

You are therefore respectfully advised that it is the opinion of this department that your question should be answered in the negative and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:wc

APPROVED DEC 21, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman