

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 21, 1951

Hon. J. Taylor Brite
County Attorney
Atascosa County
Jourdanton, Texas

Opinion No. V-1176

Re: Authority of the com-
missioners' court to
initiate litigation to
enjoin the City of Cor-
pus Christi from ex-
cessive extraction of
underground water from
lands the city has pur-
chased in Atascosa
County.

Dear Mr. Brite:

   Your request for an opinion states that the City
of Corpus Christi has recently purchased some land near
Campbellton in Atascosa County and is now in the process
of drilling a substantial number of water wells on this
land in order to supplement the city's water supply. There
is a tremendous amount of water now being extracted from
the water producing sands in Atascosa County by its citi-
zens, and a Citizens' Committee of property owners fear
that the anticipated increase in the extraction of water
through the wells now being drilled by the City of Corpus
Christi will cause great damage in the future. The Citi-
zens' Committee expects to bring a suit for injunction
against the City of Corpus Christi, but due to the con-
templated expense of such litigation, has asked the Com-
missioners' Court to bring the suit in the name of the
county.

   Based upon the above facts, you have asked our
opinion as to the authority of the Commissioners' Court
of Atascosa County to initiate litigation to enjoin the
City of Corpus Christi from excessive extraction of under-
ground water from land belonging to the city in Atascosa
County.

   This office, following the decisions of the
Texas courts, has repeatedly held that the commissioners'
court is a court of limited jurisdiction and has only
such powers as are conferred upon it, either by express
terms or by necessary implication, by the statutes and
Constitution of this State. <u>Childress County v. State</u>,
127 Tex. 343, 92 S.W.2d 1011 (1936); <u>Von Rosenberg v.</u>

Lovett, 173 S.W. 508 (Tex.Civ.App. 1915, error ref.);
Roper v. Hall, 280 S.W. 289 (Tex.Civ.App. 1926); Canales
v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948); Ed-
wards County v. Jennings, 33 S.W. 585 (Tex.Civ.App. 1895),
affirmed 89 Tex. 618, 35 S.W. 1053 (1896).

We find no constitutional or statutory provision
authorizing the commissioners' court to institute litiga-
tion to prevent the excessive extraction of underground
water from land situated within the county by a city or
municipality owning such land.  Therefore, we agree with
you that the Commissioners' Court of Atascosa County does
not have authority to initiate litigation to enjoin the
City of Corpus Christi from excessive extraction of under-
ground water from lands the city has purchased in Atascosa
County.

## SUMMARY

The Commissioners' Court of Atascosa
County has no authority to initiate liti-
gation to prevent the extraction of under-
ground water by the City of Corpus Christi
from land owned by that city in Atascosa
County, there being no constitutional or
statutory provision granting such power.
Canales v. Laughlin, 147 Tex. 169, 214 S.W.
2d 451 (1948); Edwards County v. Jennings,
33 S.W. 585 (Tex.Civ.App. 1895), affirmed
89 Tex. 618, 35 S.W. 1053 (1896).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

WHH:mw

Yours very truly,

PRICE DANIEL
Attorney General

By William H. Holloway
William H. Holloway
                Assistant