

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 8, 1952

Hon. Riley Eugene Fletcher
County Attorney
Navarro County
Corsicana, Texas

Opinion No. V-1543

Re: Authority of the Commission-
ers' Court, sitting as a Board
of Equalization, to place a tax-
payer's 1952 assessed valua-
tion at a figure which will com-
pensate for an erroneously high
tax valuation in 1951.

Dear Mr. Fletcher:

You request the opinion of this office upon the question
presented in a letter addressed to you which is in part as follows:

"The Tax Assessor and Collector of this county
in computing the amount of State and County taxes
due for the year 1951 on the rendition of the shares
of the capital stock of [name of bank] made an error
in arriving at the taxable valuation in that he did not
use the same formula applied to other bank stock,
which error resulted in an overpayment of around
$1200.00 to the State and County.

" . . . .

"The Commissioners Court wishes to rectify
this error and desires that you submit the follow-
ing question to the Attorney General:

"'Does the Commissioners Court of Navarro
County, sitting as a Board of Equalization, have
the authority to deduct from the assessed valua-
tion of taxpayer's property for the year 1952 the
excess amount for which the property was erro-
neously valued for the year 1951, so as to permit
the taxpayer to receive credit for the amount of
overpayment of State and County taxes for the year
1951?'"

The commissioners' court does not have any constitu-
tional or statutory authority to credit an overpayment of taxes
for one year against the taxes for a subsequent year. The court

is one of limited jurisdiction under the Constitution of this State.
Section 18 of Article V of the Constitution provides that the court

> " . . . shall exercise such powers and jurisdic-
> tion over all county business as is conferred by this
> Constitution and the laws of the State or as may be
> hereafter prescribed."

Under this constitutional provision it has been uniform-
ly held that the commissioners' court possesses and exercises on-
ly such power as the Constitution itself or the Legislature, con-
sistent with the Constitution, may confer upon it. Bland v. Orr,
90 Tex. 492, 39 S.W. 558 (1897); Slaughter v. Hardeman County,
139 S.W. 662 (Tex.Civ.App. 1911, error ref.); Landman v. State,
97 S.W.2d 264 (Tex.Civ.App. 1936). Galveston, H. & S.A. Ry. Co.
v. Uvalde County, 167 S.W.2d 305 (Tex.Civ.App. 1942, error ref.
w.o.m.), states the rule concisely in this language:

> "The Commissioners' Court of a county has only
> such powers as are expressly or by necessary impli-
> cation given it by the Constitution and statutes of this
> State. [Citing cases.] . . ."

A comparatively recent case by the Supreme Court,
Canales v. Laughlin, 147 Tex. 169, 214 S.W. 451 (1948), has stated
the same thing in the following language:

> "The Constitution does not confer on the commis-
> sioners courts 'general authority over the county busi-
> ness' and such courts can exercise only such powers
> as the Constitution itself or the statutes have 'specif-
> ically conferred upon them'. See Mills County v. Lam-
> pasas County, 90 Tex. 603, 606, 40 S.W. 403, 404; An-
> derson v. Wood, 137 Tex. 201, 203, 152 S.W.2d 1084, 1085.
> While the commissioners courts have a broad discre-
> tion in exercising powers expressly conferred on them,
> nevertheless the legal basis for any action by any such
> court must be ultimately found in the Constitution or
> the statutes."

An examination of the Constitution and statutes reveals
that no expressed power has been conferred upon the commission-
ers' court to credit overpayment of taxes against the taxes owing
by the taxpayer for subsequent years nor does this power arise by
necessary implication from any power expressly conferred. The
answer to your question, therefore, is in the negative.

This does not mean, however, that the taxpayer is without a remedy. Since the overpayment of taxes for the year 1951 resulted from a clerical error which caused the taxpayer to pay upon a higher valuation than that actually fixed by the Board of Equalization, this error may be corrected by the commissioners' court to speak the truth and reflect the correct valuation which the court as a Board of Equalization in fact determined. The error does not invalidate the assessment. The taxes should have been paid upon the valuation actually fixed by the Board of Equalization. It is this actual valuation that constituted the real assessment and not the erroneous valuation. This is covered in Attorney General's Opinion V-485 (1948).

Since the taxes have actually been paid, we see no practical reason for correcting the error except to bring the assessment in line with the value upon which the taxes should have actually been paid. The taxpayer would be entitled to a refund of the excess paid over the true valuation fixed by the Board of Equalization. The commissioners' court would have the authority to order a refund of the county portion of the taxes. The Legislature would have the authority to make an appropriation to reimburse the bank for this overpayment of the State's part of the taxes for the reason that in our opinion under the facts submitted by you the overpayment resulted from a mistake of fact and not of law. The bank may present a claim to the next session of the Legislature.

## SUMMARY

The commissioners' court does not have authority to authorize a credit against taxes owing for a subsequent year by reason of an overpayment in a prior year. As the overpayment resulted from a clerical error in entering the value upon the assessment rolls at a higher rate than fixed by the commissioners' court (Board of Equalization), the error may be corrected to reflect the real action of the court in fixing the value. The taxpayer is entitled to a refund from the county which may be ordered by the commissioners' court for the overpayment and the State's part of the taxes may be refunded

by an appropriation by the Legislature.

APPROVED:

Yours very truly,

W. V. Geppert
Taxation Division

PRICE DANIEL
Attorney General

E. Jacobson
Executive Assistant

Charles D. Mathews
First Assistant

By _L. P. Lollar_
    L. P. Lollar
      Assistant

LPL:mw