

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 8, 1967

Honorable F. B. Floyd, Jr.       Opinion No. M-69
District Attorney
79th Judicial District          Re: Whether Starr County can
P. O. Box 965                      legally pay for telephone
Alice, Texas  78332             services used by the U. S.
                                   Tick Inspector, who is
Dear Mr. Floyd:             stationed in Starr County.

        Your letter of April 14, 1967, requesting the opinion
of this office on the above-stated question, reads, in part, as
follows:

> "Starr County, Texas owns and provides cattle
> dipping vats for tick eradication in the County.
> The United States Government has stationed a tick
> inspector there in the County. In the past the
> County has furnished and paid for telephone serv-
> ice for the federal tick inspector. An objection
> has been made to the payment of the bills for the
> telephone service by the County.
>
> " . . .
>
> "Please return a formal opinion as to whether
> or not Starr County, Texas can legally pay for
> telephone services used by the U. S. Tick Inspector
> stationed in Starr County, Texas."

        Title 17, (Articles 1525a, 1525b, 1525c, 1525d, 1525e,
1525f and 1525g), Vernon's Penal Code, pertains to the eradication,
treatment, etc., of contagious, infectious and communicable dis-
eases of livestock, domestic animals and domestic fowls in this
State. The above-mentioned statutes authorize the Texas Animal
Health Commission and the commissioners' courts of the various
counties to perform certain duties as are imposed upon them by
such statutes and further impowers the commissioners' courts to
expend county funds for the various purposes therein enumerated.

The courts of Texas have repeatedly held that county commissioners' courts may exercise only such authority as is conferred upon them by the Constitution and statutes of this State, either by express terms or by implication. Tex. Const., Art. V, Sec. 18; Bland v. Orr, 90 Tex. 492, 39 S.W. 558 (1897); Roper v. Hall, 280 S.W. 289 (Tex.Civ.App. 1925); Landman v. State, 97 S.W.2d 264 (Tex.Civ.App. 1936, error ref.); El Paso County v. Elam, 106 S.W.2d 393 (Tex.Civ.App. 1937); Hill v. Sterrett, 252 S.W.2d 766 (Tex.Civ.App. 1952, error ref., n.r.e.).

After a careful study of the Constitution and statutes of this State, we find no provision authorizing the commissioners' court to pay out of county funds for telephone services used by a U. S. Tick Inspector stationed within the county.

Both Section 5 and Section 6 of Article 1525c, Vernon's Penal Code (the Tick Eradication Law), make reference only to local inspectors nominated by the commissioners' court and appointed and directed by the Texas Animal Health Commission.

In view of the foregoing, it is the opinion of this office that the county commissioners' court is not authorized to pay the telephone bill for the U. S. Tick Inspector stationed within the county.

### S U M M A R Y

The county commissioners' court is not authorized to pay the telephone bill for the U. S. Tick Inspector stationed within the county.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Alan Minter
Assistant Attorney General

Hon. F. B. Floyd, Jr., page 3 (M-69)


APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Pat Bailey
Terry Goodman
Monroe Clayton
Ralph Rash

STAFF LEGAL ASSISTANT
A. J. CARUBBI, JR.