

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:                  Opinion No. O-2128
                               Re: Contract between B. M.
                               Estes and Nueces County.

       In your letter of March 15, 1940, you request our opinion as to
whether the Commissioners' Court of Nueces County as first party may
lawfully enter into contract with B. M. Estes, as second party, for the
performance of certain services as set forth in the contract as follows:

"Party of the First Part being desirous of employing a person of technic-
al knowledge, experience and ability to furnish expert advice and inform-
ation in the valuation of new property in the County, as well as increases
in $v_a$lue and additions to property already in Nueces County, Texas, and to
work in cooperation with the Board of Equalization, Commissioners' Court,
and the Tax Assessor-Collector in the continuation of the present system of
valuations used in Nueces County, which is known as the Stoner System, and
being satisfied that Party of the Second Part is well qualified for this
position; the parties hereto do contract as follows:

"Party of the Second Part does hereby contract to faithfully and diligent-
ly, during all reasonable office hours, and using his technical knowledge,
experience and ability furnish expert advice and information in the valua-
tion of new property in the County, as well as increases in value and addi-
tions to property already in Nueces County, Texas, and to work in coopera-
tion with the Board of Equalization, Commissioners' Court, and the Tax
Assessor-Collector in the continuation of the present system of valuation
used in Nueces County, which is known as the Stoner System."

       The contract provides for a consideration of $225.00 per month to
be paid to Mr. Estes for a period of one year, and the county also to fur-
nish office space, clerical help and traveling expenses.

       As we understand you, this employment is aside from and in addition
to the deputies allowed by law for the tax assessor-collector, and the com-
pensation thus to be paid exceeds that permitted by statute to be paid
such deputies.

Hon. C. J. Wilde, Page 2 (O-2128)

In the case of Roper v. Hall, 280 S.W. 289, the Waco Court of Civil Appeals upheld the power of commissioners' courts to make special contracts with experts for the proper assessment and valuation of oil properties. However, in our opinion, the contract with which we are now concerned is not such a one as was under consideration in the Roper case.

Clearly a large part, if not all, of the services required of Mr. Estes in the instant contract are services which the tax assessor-collector is privileged as well as obligated to perform. We quote from the opinion of the Galveston Court of Civil Appeals in Marquart v. Harris County, 117 S.W. (2d) 494, involving a similar problem, as follows:

"While the Commissioners' Court may validly employ 'skilled experts' to value for taxation purposes property in special instances, where technical equipment is required, since this contract — by its express terms — embraces a valuation of the entire taxable property of Harris County, as reflected by its tax records, it necessarily supersedes the powers, duties, and functions of the tax assessor and collector, and since those duties are devolved by law upon him, such an attempted employment by that body of other persons to, in the first instance, perform such dities instead, is an expenditure of public funds for an unauthorized purpose."

Our answer to your question is in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:LM:egw

APPROVED APR 16, 1940
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
BY B W B
Chairman