

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS


ATTORNEY GENERAL

Honorable Frank R. Murray
County Attorney
Carson County
Panhandle, Texas

Dear Sir:

Opinion No. 0-3501
Re: Whether attorney holding delinquent
tax contract with county is entitled
to percentage of common school dis-
tract taxes collected by him.

In your letter of May 1, 1941, you advised that on September 23,
1940 the commissioners' court of Carson County entered into a contract with
E. H. Smith, an attorney, for the collection of delinquent taxes, agreeing
to pay him a percentage of the taxes collected by him. Said contract was
on the form adopted by the office of the State Comptroller, and was approved
by the Comptroller and the Attorney General on October 2, 1940. You request
our opinion as to whether or not the attorney's fee may be paid out of the
State and county collections and none of the same assessed against the com-
mon school districts located in the county.

Under the contract in question, Mr. Smith was employed to aid and
assist in the collection of "all delinquent State and county ad valorem
taxes, penalty and interest (except taxes of independent school districts
and incorporated cities and towns )due any and all political subdivisions or
defined districts of said county and State which the county tax collector
receives and receipts for under the provisions of Articles 7254 and 7257,
Revised Statutes, 1925, and shown to be delinquent upon the delinquent
tax records of said county from 1919 to the date of the termination of the
contract," and furhter provided that he should be paid a compensation of
15% of the amount collected of all delinquent taxes, penalty and interest.
A reading of said Articles 7254 and 7257 discloses that delinquent common
school district taxes were included in the contract. Hence, the only
question actually presented is whether the commissioners' court had the
power or authority to enter into such a contract with an attorney for the
collection of the delinquent common school district taxes, agreeing to pay
him such a percentage of the taxes collected in behalf of such school dis-
tricts.

Article 7335, Revised Civil Statutes, and Article 7335a, Vernon's
Annotated Civil Statutes, provide authority for commissioners' courts in
certain instances to make such contracts with attorneys for the collection

of delinquent State and county taxes for a percent of the taxes,
penalty and interest actually collected not exceeding 15%. Neither
of those statutes specifically names common school district taxes.
However, Article 2784, Revised Civil Statutes, gives the commission-
ers' courts the power to levy and cause to be collected the taxes of
common school districts. If said Articles 7335 and 7335a do not
confer authority upon commissioners' courts to make such contracts
with respect to delinquent common school district taxes, in our opinion
they do obtain such power from said Article 2784 by necessary implica-
tion. See Roper v. Hall, 280 S.W. 289. No more than 15% of the taxes,
penalty and interest collected for the State and county may be charged
against them as compensation for the attorney. However, he is entitled
to a like percentage of the collections made for the common school dis-
tricts under the contract, payable out of such school collections.

                                    Yours very truly

                                ATTORNEY GENERAL OF TEXAS

                                By /s/ Glenn R. Lewis

                                        Glenn R. Lewis
                                        Assistant

APPROVED MAY 14, 1941
/s/ Grover Sellers
FIRST ASSISTANT                          APPROVED
ATTORNEY GENERAL                    Opinion Committee
                                        By P.W.
                                        Chairman