

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Grover Sellers
XTILLIXXXHUSON
ATTORNEY GENERAL

Honorable R. W Calvert
County Attorney
Hill County
Hillsboro, Texas

Dear Sir:

Opinion No. 0-6878

Re: Authority of the Commis-
sioners' Court of Hill
County to appoint a
manager for a county owned
airport.

We have received your letter of recent date in which you make the following inquiry:

"Hill County owns certain land on which the Commissioners Court of Hill County proposes to build an airport under and by virtue of the authority contained in Article 1269h, V. A. C S. The Court does not wish to operate and manage the airport after it is built and has asked me for an opinion on the following questions:

"1. May a Commissioners Court lease a county owned airport to an individual or individuals for a stipulated rental?

"2. May a Commissioners Court appoint a manager or managers of a county owned airport and contract with such manager or managers to pay him or them a percentage of the receipts from such airport as compensation for his or their services?

"I am disposed to answer question No. 1 above 'no' and question No. 2 'yes' for the reasons hereinafter stated but I should like to have your opinion in the premises.

"It is axiomatic that a Commissioners Court is a court of limited jurisdiction and has no power except that conferred by the Constitution or legislative act or necessarily inferable therefrom. Landman vs.

State, 97 S. W. (2) 264 (Writ refused.)
Howard vs. Henderson County, 116 S. W. (2) 479 (Writ
refused). It follows that a county has no power to
establish, maintain and operate an airport except
under authority and in the manner provided by Article
1269h, V. A. C S.

"Necessarily, the power to establish an airport
and to operate it impliedly authorizes a commissioners
court to appoint some suitable person to manage and
operate it. In my opinion, it does not follow, however,
that the power to lease such county property would exist
because theoretically, at least, this would result in
the leasing of county property for private profit.

"It seems to me further that a proper construction
of the legislative act above referred to excludes the
power of the Commissioners Court to lease airport property.
In this connection, I call attention to the fact that
Paragraph D of Article 1269h grants the Commissioners
Courts of the several counties power to lease airports
to 'any incorporated city or municipality within such
county or to the federal government.' The same para-
graph confers upon a city the right to lease an air-
port to a county. Paragraph E further authorizes the
governing bodies of cities to lease '---to any other
person, firm, or corporation, to carry out any purpose
necessary or incidental to national defense or training
incidental thereto' but no such power is granted to
Commissioners Courts. Since this power is specifically
granted to governing bodies of cities and is not granted
to commissioners courts the statute would be construed
to deny the power to commissioners courts."

Article 1269h, Vernon's Annotated Civil Statutes, is in
part as follows:

"Section 1. A-That the governing body of any
incorporated city in this State may receive through
gift or dedication, and is hereby empowered to ac-
quire, by purchase without condemnation or by pur-
chase through condemnation proceedings, and there-
after maintain and operate as an airport, or lease,
or sell, to the Federal Government, tracts of land
either within or without the corporate limits of
such city and within the county in which such city
is situated, and the Commissioners' Court of any
county may likewise acquire, maintain and operate
for like purpose tracts of land within the limits

of the county.

"* * *

"D- In addition to the power herein granted, the
Commissioners' Court of the several counties of this
State are hereby authorized to lease any airport that
may be acquired by the county, as herein provided, to
any incorporated city or municipality within such
county, or to the Federal Government, for the purpose
of maintaining and operating an airport; and provided
further that any incorporated city having acquired
land for an airport, or an airport, under the authority
of this Act, shall have the right to lease said land or
said airport to the county in which said incorporated
city of located.

"* * *

"Sec. 3. Any airport acquired under and by virtue
of the terms of this Act shall be under the management
and control of the governing body of the city or the
Commissioners' Court of the county acquiring the same,
which is hereby expressly authorized and empowered to
improve, maintain and conduct the same as an airport,
and for that purpose to make and provide therein all
necessary or fit improvements and facilities and to
fix such reasonable charges for the use thereof as such
governing body or Commissioners' Court shall deem fit,
and to make rules and regulations governing the use
thereof. All proceeds from such charges shall be
devoted exclusively to the maintenance, upkeep, im-
provement and operation of such airport and the
facilities, structures, and improvements therein. . ."
(underscoring ours)

In answer to your first question we refer you to our Opinion No.
0-3865, a copy of which is herewith enclosed, wherein it states:
"It is our opinion that the Commissioners' Court has no authority to lease
an airport to any party except those set out in paragraph D of Section 1,
Article 1269h." Thus, the Commissioners' Court can only lease an airport
to "any incorporated city or municipality within such county or the Federal
Government." It is, therefore, the opinion of this department that the
Commissioners' Court cannot lease a county owned airport to an individual.

The Commissioners' Court is a court of limited jurisdiction and has
only such powers as are expressly provided for by the Constitution and
laws of this State or reasonably implied therefrom. Von Rosenberg v.
Lovett, 173 S. W. 508, 511, writ refused; Foster v. City of Waco, 113 Tex.

352, 355, 255 S. W. 1104; Roper v. Hall, 280 S. W. 289, 291. The Commissioners' Court has the implied authority to do the things reasonable necessary to discharge the express duties or powers conferred upon it. City National Bank v. Presidio County (Civ. App.), 26 S. W. 775, Roper v. Hall, supra, Von Rosenberg v. Lovett, supra, 11 Tex. Jur. 566. In the case of Von Rosenberg v. Lovett, the court after stating the foregoing rules said on page 514: "It would be a vain thing to impose upon anyone a duty, and deny him the means whereby he could perform such duty."

It will be noted that the Commissioners' Court is given the express power and authority by Article 1269h, supra, "to acquire, maintain and operate" an airport. It is common knowledge that a manager of an airport is necessary to the maintenance and operation of an airport. It is, therefore, the opinion of this department that Article 1269h, supra, confers upon the Commissioners' Court the implied authority to appoint a manager for the county owned airport. It is within the sound discretion of the Commissioners' Court to determine the amount of compensation of the manager for his services, and whether such compensation shall be a salary or a commission.

We wish to point out, however, that Section 3 of Article 1269h, supra, states that all proceeds from charges derived from the operation of the airport shall be "devoted exclusively to the maintenance, upkeep, improvement and operation of such airport." This in effect makes all money derived from the operation of the airport county money subject to a limited use.

Article 1709, V. A. C. S., provides that "the county treasurer shall receive all monies belonging to the county from whatever source they may be derived, and pay and apply the same as required by law, in such manner as the Commissioners' Court of his county may require and direct."

It is, therefore, the opinion of this department that before any money may be paid the manager of the airport Article 1709, as well as the budget law (Article 689a-11), must be complied with.

We hereby express our appreciation for your discussion on the questions submitted.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

J. C. Davis, Jr.
Assistant

By

John Reeves

JR:LJ