

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 19, 1951

Hon. Wm. L. Taylor                     Opinion No. V-1348.
Prosecuting Attorney
Harrison County                        Re: Legality of using county
Marshall, Texas                            equipment and materials
                                           to construct driveways on
Dear Sir:                                  private property.

        Your request for an opinion is substantially as fol-
lows:

        If a property owner in Harrison County re-
    quests a County Commissioner to build on the
    owner's private property a driveway entering a
    county or state road, and the county commis-
    sioner does so, using county materials, machin-
    ery, and labor, is the county commissioner subject
    to prosecution under Article 95 of the Penal Code
    of the State of Texas?

        The decisions of the Texas courts have repeatedly held
that the commissioners' court is a court of limited jurisdiction
and has only such powers as are conferred upon it, either by ex-
press terms or by necessary implication, by the statutes and the
Constitution of this state. Childress County v. The State, 127
Tex. 343, 93 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173
S.W. 508 (Tex. Civ. App. 1919, error ref.); Roper v. Hall, 280
S.W. 289 (Tex. Civ. App. 1925); Art. 2351, V.C.S.; 11 Tex. Jur.
632, Counties, Sec. 95.

        The only statute we have found which authorizes the use
of county road equipment for improvements on private property
is Article 2372c, V.C.S., authorizing the commissioners' court
to use road equipment and machinery in soil conservation work,
for which the county receives compensation from the persons
for whom the services are performed. We do not find any stat-
ute authorizing the use of county road materials and equipment
for the construction of a private road. And in view of Section 52

of Article III, Constitution of Texas, any statute which attempted to authorize the use of county material and equipment for private purposes without compensation to the county would be unconstitutional. See Dunlap v. Hardin, 223 S.W. 711 (Tex. Civ. App. 1920); Gray v. Lewis, 88 S.W.2d 603 (Tex. Civ. App. 1935); Att'y Gen. Op. 0-6670 (1945), qualified on other points in Att'y Gen. Op. 0-6908 (1945).

Article 95, V.P.C., provides:

"If any officer of any county, city or town, or any person employed by such officers, shall fraudulently take, misapply, or convert to his own use any money, property or other thing of value belonging to such county, city or town, that may have come into his custody or possession by virtue of his office or employment, or shall secret the same with intent to take, misapply or convert it to his own use, or shall pay or deliver the same to any person knowing that he is not entitled to receive it, he shall be confined in the penitentiary not less than two nor more than ten years." (Emphasis added.)

It is our opinion that a county commissioner who delivers county road material to an unauthorized private project may be subject to prosecution under Article 95. However, the answer to your question would be controlled by the facts of the individual situation. This office does not pass upon fact questions, but the general rules of law stated above may be of help to you in considering specific fact situations.

SUMMARY

The use of county material and equipment in the construction of private roads is unauthorized, and is a violation of Art. 95, V.P.C., if all

the elements of the offense prescribed by that
statute are present.

APPROVED:                           Yours very truly,

J. C. Davis, Jr.                        PRICE DANIEL
County Affairs Division             Attorney General

Jesse P. Luton, Jr.
Reviewing Assistant

                                    By ~~Robert H. Hughes~~
Charles D. Mathews                      Robert H. Hughes
First Assistant                             Assistant


RHH:mh:em