

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 16, 1951

Hon. W. A. Hadden
County Attorney
Pecos County
Fort Stockton, Texas

Opinion No. V-1238

Re: Authority of the commissioners' court to call an election to levy a tax for advertising purposes.

Dear Sir:

Reference is made to your request which reads in part as follows:

"The Pecos County Chamber of Commerce with offices here in Ft. Stockton, Texas are applying to the county asking that an election be called to vote a tax of five cents on $100.00 valuation for advertising purposes. I have advised the County Judge /of/ this county that in my opinion there is no law in Texas whereby Pecos County can levy such a tax.

"Under Act of 47th Leg., H. B. No.1082, Chapter 558 there is a provision of the law authorizing the above tax, but under Sec. 2 of said Act it states that such tax levy is restricted to counties of more than one hundred thousand population. Pecos County does not have this population.

"The above law was amended last Legislature under Home Rule Cities Ch. 224, H. B. No. 298, but as I understand it this amended act only added home rule cities to the law, and that the restriction of 100,000 population still applied.

"I will thank you for an opinion as to whether Pecos County, being under the 100,000 bracket can call an election for purpose of levying this 5¢ tax."

According to the 1950 Federal census, Pecos County has a population of 9,939 inhabitants.

The decisions of the Texas courts have repeatedly held that the commissioners' court is a court of limited jurisdiction and has only such powers as are conferred upon it, either by express terms or by necessary implication, by the statutes and Constitution of this State. Childress County v. State, 127 Tex. 343, 92 S. W. 2d 1011 (1936); Von Rosenberg v. Lovett, 173 S. W. 508 (Tex. Civ. App. 1915, error ref.); Roper v. Hall, 280 S. W. 289 (Tex. Civ. App. 1925); Art. 2351, V. C. S.; 11 Tex. Jur. 632, Counties, Sec. 95.

House Bill 1082, Acts 47th Leg., R. S. 1941, ch. 558, p. 905, (codified as Article 2352d), V. C. S., provides in part as follows:

"Section 1. That all counties in the State of Texas may appropriate from the General Fund of said counties an amount not exceeding five (5) cents on the one hundred dollars assessed valuation, for the purpose of advertising and promoting the growth and development of such county; providing that before the Commissioners Court of any county may appropriate any sums for such purpose, the qualified taxpaying voters of said county shall, by a majority vote of the persons voting at such election, authorize the County Commissioners to thereafter appropriate not to exceed five (5) cents on the one hundred dollars assessed valuation ....'

"Sec. 2. The authority to levy the tax provided for herein, shall be restricted to counties of more than one hundred thousand (100,000) population, according to the most recent United States Census."

House Bill 298, Acts 52nd Leg., R. S. 1951, ch. 224, p. 359, amends Section 1 of House Bill 1082, supra, so as to include home rule cities. However, Section 2 was not amended. Therefore, Article 2352d is not applicable to Pecos County, since it has a population of less than 100,000 inhabitants. We know of no law which authorizes a county of its population to levy a tax for advertising purposes. Therefore, we agree with you that

Pecos County is not authorized to call an election for the purpose of levying a five-cent tax for advertising purposes.

### SUMMARY

The Commissioners' Court of Pecos County is not authorized to call an election for the purpose of levying a five-cent tax for advertising purposes.

APPROVED:

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By ~~Bruce Allen~~
Bruce Allen
Assistant

BA:awo