V-1223 is no longer good.

Enactment of Article 332a, Code of Criminal Procedure in 1953 by 53rd Legislature, changed law. See H.B. 886, 53rd Leg., 1953 for new law providing for the sale of abandoned property.

868 page 929

*Superseded* — Opinion No. ~~do not use~~

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

Enactment of Article 332a, Code of Criminal Procedure in 1953 by 53rd Legislature, changed 1 See H. B. 886, 53rd Leg., 1953 for new law providing for the sale of abandoned property.

July 31, 1951

Hon. Ken Jennings
County Attorney
Mitchell County
Colorado City, Texas

Opinion No. V-1223

Re: Authority of the county to sell automobiles the county has stored for more than one year after finding them abandoned on county roads.

Dear Sir:

We refer to your request which reads in part as follows:

"May a county sell automobiles which have been abandoned on county property, and if so, what is the proper procedure for such sale?

"Several automobiles have been abandoned along the roads of this county. The owners are either unknown or can not be located. Said automobiles were removed from their place of abandonment and have been taken to county property where they have remained for a year or two. No one has claimed said automobiles. The automobiles have not been stolen."

Although you did not state in your request that the county officials were the first to take possession, we shall assume for the purpose of this opinion that they were.

In Pearson v. Black, 120 S.W.2d 1075, 1079 (Tex. Civ.App. 1938), it is stated:

"'In its general signification "abandonment" means the relinquishment of the possession of a thing by the owner with the intention of terminating his ownership, but without vesting it in any one else.' Shahan et al v. Northern Texas Traction Cc., Tex.Civ.App., 266 S.W. 850, 852; 1 R.C.L. 2; 1 C.J. 5. If the casing had been in fact abandoned there was neither pleading nor evidence to show that appellants

were not the first persons to take actual possession of same, or that the plaintiffs were. Regardless of any prior right or title, if the casing was abandoned and the appellants were the first to take actual possession of same they thereby had a better title thereto than appellees were shown to have had. We know of no rule or principle of law to the effect that abandoned personal property becomes the property of him upon whose land it happens to be left."

In Gregg v. Caldwell-Guadalupe Pick-up Stations, 286 S.W. 1083, 1084 (Tex.Comm.App. 1926), it is stated:

". . . The principles applicable to abandoned property are fairly well understood and need not be elaborated here. It is sufficient merely to say that title to such property vests in the first person lawfully reducing the same to possession. Abandoned personalty is no man's property until reduced to possession with intent to acquire title. . . ."

In 1 Am. Jur. 2-3, Abandonment, Sec. 3, we find the following:

"The characteristic element of abandonment is the voluntary relinquishment of ownership whereby the thing so dealt with ceases to be the property of any person and becomes the subject of appropriation by the first taker. Abandonment divests the former owner of title to the property, so that it becomes to him as if he had never had any right or interest in it. It has been said that property abandoned has returned to the common mass of things in a state of nature.

"Every sovereign state has jurisdiction to take charge of apparently abandoned or unclaimed property, but in the absence of such intervention, title can be assumed by the first occupant or by the first finder who reduces it to possession. Such person thereupon acquires an absolute property therein by virtue of an actual taking with the intent to reduce it to possession."

In view of the foregoing, it is our opinion that title to the property in question has been divested from the owner by virtue of his abandonment.

This office, following the decisions of the Texas courts, has repeatedly held that the commissioners' court is a court of limited jurisdiction and has only such powers as are conferred upon it, either by express terms or by necessary implication by the statutes and Constitution of this State. Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508 (Tex.Civ.App. 1915, error ref.); Roper v. Hall, 280 S.W. 289 (Tex.Civ.App. 1926); 11 Tex. Jur. 632, Counties, Sec. 95; 20 C.J.S. 1006, Counties, Sec. 174.

Under Article 2351, V.C.S., we believe the commissioners' court has implied authority to remove abandoned automobiles from county roads. However, such statute does not authorize a county to acquire title to such automobiles, and there is no other statute which permits the same. Therefore, it is our opinion that a county cannot sell automobiles which have been abandoned on county property.

In this connection, however, it was held in Attorney General's Opinion O-6813 (1945) that a county could store with a garage keeper or some other person motor vehicles found on county property where the owner was unknown. It was further held in that opinion that the garage keeper or person in whose custody the motor vehicles were placed could foreclose the lien created by Article 5502, V.C.S. Likewise, it is our opinion that the county officials have authority to store the abandoned automobiles in question with a garage keeper or other person in order to protect and preserve the same, and that the storage lien may be foreclosed under the provisions of Articles 5502, 5504, and 5505, V.C.S.

We are enclosing a copy of Attorney General's Opinion O-6813 (1945).

## SUMMARY

A county is not authorized to sell automobiles abandoned on county property. However, county officials may store such automobiles with a garage keeper or other person,

Hon. Ken Jennings, page 4  (V-1223)

and the person with whom they are stored
may foreclose the storage lien created
under Article 5502, V.C.S.  Att'y Gen. Op.
0-6813 (1945).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

BA:mw

Yours very truly

PRICE DANIEL
Attorney General

By  *Bruce Allen*
    Bruce Allen
    Assistant