

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 4, 1951

Hon. John H. Miller
District Attorney
36th Judicial District
Sinton, Texas

Opinion No. V-1181

Re: Validity of the submit-
ted contract between
McMullen County and Mc-
Mullen County Water
Control and Improvement
District No. 1 for water
for the courthouse and
jail.

Dear Mr. Miller:

Your request for an opinion presents the following factual situation:

In 1949 the Commissioners' Court of McMullen County authorized the construc- tion of a water well on the courthouse grounds at a cost of approximately $25,- 000.00. The well was paid for with war- rants and refunded with bonds bearing 4% interest, being a county-wide obligation. In May, 1950, the McMullen County Water Control and Improvement District was formed embracing approximately 160 acres of land which included the unincorporated town of Tilden, the county seat. In August, 1950, the Commissioners' Court of McMullen Coun- ty entered into a contract with the Water Control and Improvement District relinquish- ing control of the water well for a period of forty years. By the terms of this con- tract, the Water Control and Improvement District was to pay the county a nominal cash consideration annually as well as fur- nishing the county palatable water for the courthouse and jail. The supply of water exceeds that needed for the courthouse and jail and a number of residents of Tilden have connected pipes to the well and, with the permission of the commissioners' court, have been using the water.

Question: Did the Commissioners' Court
of McMullen County have the authority to en-
ter into this type of contract with the Water
Control and Improvement District, and if so,
is such contract a valid and binding obliga-
tion of McMullen County?

This office, following the decisions of the Tex-
as courts, has repeatedly held that the commissioners' court
is a court of limited jurisdiction and has only such powers
as are conferred upon it, either by express terms or by nec-
essary implication by the statutes and Constitution of this
State. Childress County v. State, 127 Tex. 343, 92 S.W. 2d
1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508 (Tex.Civ.
App. 1915, error ref.); Roper v. Hall, 280 S.W. 289 (Tex.
Civ. App. 1926); 11 Tex. Jur. 632, Counties, Sec. 95; 20 C.J.
S. 1006, Counties, Sec. 174.

Section 20 of Article 2351, V.C.S., provides:

"The Commissioners Court of each coun-
ty of this State, in addition to the powers
already conferred on it by law, is authorized
and empowered in all cases where such county
has acquired a water supply from subterranean
waters for county purposes, to sell, contract
to sell and deliver any or all of such water
which is not needed for county purposes to
any public or municipal corporation, or poli-
tical subdivision of this State, including
any water control and improvement district,
or fresh water supply district now created
and existing, or which may hereafter be creat-
ed under the laws of this State; any such wa-
ter sold or contracted to be sold and delivered
to any such public or municipal corporation or
political subdivision of this State, may be
used or re-sold for any lawful purpose; and
said Commissioners Court shall have the right
to fix and determine the rate or rates at
which such water shall be sold to any such
public or municipal corporation or political
subdivision of this State, and to enter in-
to contracts to sell and supply such water
at such determined rate or rates for any term
of years not exceeding forty (40); and all
monies received by the county from the sale
of such water shall be placed to the credit

of the General Fund of the county and may be
expended for general county purposes as now
or hereafter permitted by law."

In El Paso County v. Elam, 106 S.W.2d 393, 395
(Tex.Civ.App. 1937), the court said:

". . . the commissioners' court is a creature
of the Constitution, and its powers are limited
by the Constitution and the laws passed by the
Legislature, and must have authority of law for
the contract, and when the authority is given,
a reasonable construction of it will be given
to effect its purpose. The matter of constructing
drainage ditches in the county is, unquestionably,
county business, and the commissioners' court is
the only active governing body of the county, with
a jurisdiction conferred upon it by law to do that
work, and should be given a broad and liberal con-
struction so as not to defeat the purpose of the
law. The commissioners' court has implied author-
ity to do what may be necessary in the exercise of
the duties conferred upon them."

In Broussard v. Wilson, 183 S.W. 814, 819 (Tex.
Civ.App. 1916), the court said:

"Whether or not said contract was an im-
provident contract, disadvantageous to the
county and advantageous to Hanson Sons, In-
corporated, in the absence of proof of actual
fraud, is not a question for this court to de-
termine. The Legislature has seen proper to
confer upon the commissioners' court the power
and authority to make contracts for the repair-
ing and construction of roads within its county,
and, so long as said courts make contracts within
the restrictions of the Constitution and under
the authority of law, it is not for the courts
to substitute their judgment for that of the
commissioners' court as to the wisdom of such
contracts."

Specific authorization is contained in Article
2351 for a commissioners' court to sell, contract to sell

and deliver any or all of such water which is not needed for county purposes to a water control and improvement district. It is our opinion that your factual situation comes within the purview of Section 20 of Article 2351.

You are therefore advised that in our opinion the Commissioners Court of McMullen County was authorized to enter into the contract in question with the McMullen County Water Control and Improvement District No. 1, and the contract is a valid and binding obligation of McMullen County.

<u>SUMMARY</u>

The Commissioners' Court of McMullen County is authorized to contract with the McMullen County Water Control and Improvement District No. 1 to sell and supply water from a water well on the courthouse grounds to the district in return for a sufficient quantity of palatable water to satisfy county purposes and a nominal cash consideration, the remainder of such water to be used by the district for any lawful purpose. Art. 2351, Sec. 20, V.C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

BW:mw:t

Yours very truly,

PRICE DANIEL
Attorney General

Burnell Waldrep
Assistant