

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 1, 1951

Hon. James R. Strong
County Attorney
Panola County
Carthage, Texas

Opinion No. V-1178

Re: Authority of the Commissioners'
Court to expend county funds in
connection with the "Interna-
tional Farm Exchange Project,"
enabling a farm youth of the
county to reside on a farm in
a foreign country while a youth
from that country resides with
farm families in the county.

Dear Sir:

We refer to your opinion request concerning the authority of
a Commissioners' Court to expend county funds for traveling expenses
of young agriculturists in connection with the "International Farm Ex-
change Project."

You state that A. & M. College and the United States Depart-
ment of Agriculture sponsor a 1951 International Farm Exchange Pro-
ject which permits Texas five 2-way exchanges of young agriculturists
with foreign countries. One boy in Panola County is qualified to par-
ticipate. The plan involves an exchange with England. The Panola
boy will live in England with farm families; two English boys will live
in your county with farm families. The travel expenses, or a part
thereof, for the boy going to England and for the English boys while
in this country must be provided locally. The Commissioners' Court
of Panola County desires to have a local boy participate in the pro-
ject. You ask if the travel expenses of these boys may be paid out
of Panola County funds, and refer in connection therewith to Articles
164 and 2372d,V.C.S.

This office, following the decisions of the Texas Courts, has
repeatedly held that the Commissioners' Court is a court of limited
jurisdiction and has only such powers as are conferred upon it, either
by express terms or by necessary implication, by the statutes and
Constitution of this State. Childress County v. State, 127 Tex. 343,

Hon. James R. Strong, Page 2, V-1178


92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508 (Tex. Civ. App. 1915, error ref.); Roper v. Hall, 280 S.W. 289 (Tex. Civ. App. 1926); Art. 2351, V.C.S.; 11 Tex. Jur. 632, Counties, Sec. 95; 20 C.J.S. 1006, Counties, Sec. 173; Att'y Gen. Op. 0-6294 (1944).

Article 164, V.C.S., provides as follows:

"The Commissioner's Court of any county of this State is authorized to establish and conduct co-operative demonstration work in Agriculture and home economics in co-operation with the Agricultural and Mechanical College of Texas, upon such terms and conditions as may be agreed upon by the Commissioners' Court and the agents of the Agricultural and Mechanical College of Texas; and may employ such means, and may appropriate and expend such sums of money as may be necessary to effectively establish and carry on such demonstration work in Agriculture and Home Economics in their respective counties."

It is thus to be observed that the above quoted article authorized Commissioners' Courts to establish and conduct co-operative demonstration work in cooperation with A. & M. College and to expend county funds as may be necessary to effectively carry on such demonstration work in their county. This article does not expressly provide for, nor can it legally be construed to contemplate, the expenditure of county public funds for traveling expenses of young agriculturists to or from foreign countries for the purpose of observing foreign agricultural pursuits. Wholesome as the proposed plan may be, still visits to a foreign country for the purpose of observing agricultural pursuits is not a part of "co-operative demonstration work."

The same conclusion must be reached with respect to Article 2372d. That statute authorizes Commissioners' Courts to provide annual exhibits of agricultural and other designated products and for the erection of buildings in their county for such exhibit purposes. It does not expressly authorize, nor is it subject to a legal construction that would impliedly permit, the expenditure of county funds to pay for traveling expenses of any individual to or from foreign countries.

Accordingly, it follows that the Commissioners' Court is without statutory authority to expend county funds for the purpose of

paying traveling expenses of young agriculturists to or from foreign countries in connection with the "International Farm Exchange Project."

## SUMMARY

Under the laws of this State, a Commissioners' Court is without statutory authority to expend county funds in payment of traveling expenses of young agriculturists to or from foreign countries in connection with the United States Department of Agriculture "International Farm Exchange Project."

APPROVED:

Yours very truly,

J. C. Davis, Jr.
County Affairs Division

PRICE DANIEL
Attorney General

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

By *Chester E. Ollison*

     Chester E. Ollison
       Assistant

CEO:mw:mf