

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 12, 1952

Hon. Robert M. Allen      Opinion No. V-1404
County Attorney
Rusk County               Re:  Authority of the Commis-
Henderson, Texas               sioners' Court to pay a
                               bounty for the destruc-
                               tion of wild foxes in
Dear Sir:                      Rusk County.

        You have requested an opinion on the fol-
lowing question:

        ". . . whether or not the Commissioners'
    Court of Rusk County can legally offer and
    pay a bounty for the destruction of wild fox
    and the amount of such bounty that can legally
    be paid."

        You state in your request that Rusk County
now has a large number of rabid wild foxes which are
causing considerable damage and therefore the commis-
sioners' court has been requested to offer and pay a
bounty for the destruction of wild foxes if such
bounty can be paid legally.

        The decisions of the Texas courts have re-
peatedly held that the commissioners' court is a court
of limited jurisdiction and has only such powers as are
conferred upon it, either by express terms or by neces-
sary implication, by the statutes and Constitution of
this State.  Childress County v. State, 127 Tex. 343,
92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173
S.W. 508 (Tex. Civ. App. 1915, error ref.); Roper v.
Hall, 280 S.W. 289 (Tex. Civ. App. 1925); Art. 2351,
V.C.S.

        Article 192b, V.C.S., pertaining to the
destruction of animals because of their predatory
nature is not applicable under the facts contained
in your request.

        Section 1 of Article 190h, V.C.S., provides:

"From and after the effective date
of this Act all County Commissioners Courts
throughout the State of Texas may pay a
bounty not to exceed Five Dollars ($5) out
of the General Fund of the County for the
killing of all Jaguar, Cougar, Ocelot,
Jaguarondi, Bob Cat, Gray Wolf, Red Wolf,
Florida Wolf, Coyote, Javelina and Rattle-
snake.  The Commissioners Courts shall have
authority to determine what animals are
predatory within said County and said Court
may further determine eligibility of persons
to whom bounties will be paid."

Article 190h, authorizing the commissioners'
courts to pay bounties for killing certain wild ani-
mals, does not include wild fox.

It is stated in 39 Tex. Jur. 188-189, Sta-
tutes, Sec. 100:

"The maxim Expressio unius est exclusio
alterius (the expression of one thing is ex-
clusive of another) is said to be a logical,
sensible and sound rule of construction; and
it has been frequently applied in the con-
struction of statutes as well as in the inter-
pretation of other documents.  The maxim sig-
nifies that the express mention or enumeration
of one person, thing, consequence or class is
tantamount to an express exclusion of all
others. . . ."

Since Article 190h enumerates the animals
on which a bounty may be paid, bounties may not be
paid on the killing of animals not enumerated.

Article 190i, V.C.S., provides:

"Section 1.  It shall be the duty of
the State Health Officer to determine and
define the boundaries of all areas of the
State in which foxes or other wild animals
infected with rabies exist in sufficient
numbers to be a menace to the health of
that area.  Such determinations shall be
based upon a finding of fact by the State
Health Officer; providing further that the

State Health Officer shall cause to be published in a newspaper within each county within the defined area that a bounty exists in the county concerned.

"Sec. 2. When the State Health Officer finds that the health of such area is menaced by rabies because of rabid foxes or other wild animals, and defines the area where such menace exists, he shall pay a bounty of Two Dollars ($2) for each and every fox or other wild animal destroyed in the defined area. For purpose of such payments the Health Officer shall have the power to require such evidence as proof of the destruction of a fox or other wild animal as he shall deem necessary.

"Sec. 3. When the number of rabid foxes or other wild animals in any defined area is reduced to the extent that the destruction of such foxes or other wild animals is no longer necessary then the State Health Officer shall cease payment of the bounties, and shall serve notice to the public in the area concerned through publication in at least one (1) newspaper in each county concerned."

This Article authorized the payment of a bounty by the State Health Officer on wild foxes in rabid-infected areas. However, it is noted that no provision authorizes the payment of such a bounty by the county.

We know of no law applicable to Rusk County which authorizes the payment of a bounty by the county for the killing of wild foxes. Therefore, we agree with you that the commissioners' court cannot expend county money for the payment of such bounty.

## SUMMARY

The Legislature has not authorized the commissioners' court of Rusk County to pay a bounty for the destruction of

rabid wild foxes.  Only the State Health
Officer is authorized to pay a bounty of
this nature in a rabies infected area.
Article 1901, V.C.S.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mh

PRICE DANIEL
Attorney General

By *John Reeves*
John Reeves
Assistant