

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 9, 1965

Honorable Preston Pool
County Attorney
Garza County
Post, Texas

Opinion No. C- 463

Re: Whether the Commissioners
Court of Garza County may
close the doors and cease
operating Garza Memorial
Hospital and related ques-
tions.

Dear Mr. Pool:

Your letter of June 16, 1965, requests an opinion of
this office as to the following questions:

"(1)  May the Commissioner's Court of Garza
County close the doors and cease operating Garza
Memorial Hospital?  Does it make any difference
if this is with or without the consent of the
Board of Managers?

"(2)  Does Garza County have authority to
lease its County Hospital organized in accordance
with (Article) 4478 by virtue of Art. 4494h?

"(3)  Does Garza County have the power to
sell or lease its county hospital under Article
4494j?"

It is an established rule that the Commissioner's
Court is a court of limited jurisdiction and has only such powers
as are conferred upon it by statute and the Constitution by ex-
press terms or by necessary implication.  Childress County v.
State, 127 Tex. 343, 92 S.W.2d 1011 (1936); Von Rosenberg v.
Lovett, 173 S.W. 508 (Tex.Civ.App. 1915, error ref.); Roper v.
Hall, 280 S.W. 289 (Tex.Civ.App. 1925).  No statutory or consti-
tutional provisions may be found which confer either expressly
or by implication, power upon the Commissioner's Court to close
the doors or cease operation of a hospital established under pro-
visions of Article 4478, Vernon's Civil Statutes, with the ex-
ceptions of lease or sale of said hospital.  Article 4478 provides
in part:

". . .At intervals of not less than twelve
months, ten percent of the qualified property
tax paying voters of a county may petition such
court to provide for the establishing or enlarging
of a county hospital, in which event said court
within the time designated in such petition shall
submit to such voters at a special or regular
election the proposition of issuing bonds in such
aggregate amount as may be designated in said
petition for the establishing or enlarging of
such hospital. Whenever any such proposition
shall receive a majority of the votes of the
qualified property tax payers voting at such
election, said commissioners court shall es-
tablish and maintain such hospital. . . ."
(Emphasis added).

Article 4478 by mandatory language, requires the
Commissioners Court to maintain an established County hospital
through designated powers granted within Article 4478. No pro-
vision may be found in the statutes or Constitution which allows
the Commissioners Court to discontinue maintenance of a hospital
established pursuant to a special election within Article 4478,
with the exception of lease or sale of said hospital. Neither
may the Board of Managers cease such operation as Article 4480
grants said Board power to make rules and regulations for carry-
ing out the purposes of the hospital with no specific power to
cease operations.

According to the last preceding Federal Census, the
population of Garza County was 6,573. The Commissioners Court
of Garza County has authority to lease its County Hospital under
provisions of Article 4494h, Vernon's Civil Statutes, which pro-
vides as follows:

"Any county in this State having a population
of not less than five thousand (5,000) and not
more than ten thousand, three hundred and ninety
(10,390) inhabitants according to the last pre-
ceding Federal Census, shall have authority to
lease any county hospital belonging to said county
to be operated by the lessee of same under such
terms and conditions as may be satisfactory to
the Commissioners Court of said county and the
lessee. The action of the Commissioners Court
in leasing such hospital shall be evidenced by
order of the Commissioners Court, which order
shall be recorded in the minutes of said Court."

In 1964 Garza County had an assessed valuation for State and ad valorem tax purposes of $14,984,753. The Commissioners Court of Garza County has the authority to sell its county hospital under provisions of Article 4494j, Vernon's Civil Statutes, which provides as follows:

"Any county in this State having an assessed valuation of property for State and ad valorem tax purposes of less than Twenty Million Dollars ($20,000,00) and having a county hospital belonging to said county and operated by such county, may, and such county is hereby authorized to sell or lease such hospital, provided the Commissioners Court of such county shall find and determine by an order entered in the minutes of such Court that it is to the best interests of such county to sell or lease said county hospital. The proposed sale or lease shall not be considered by such Commissioners Court unless and until said proposed sale or lease shall be approved by a majority vote in an election to be held in such county for the purpose of determining the will of property taxpaying voters living in the county, in reference to such subject. Such election shall be ordered by the Commissioners Court of any such county upon petition of not less than ten per cent (10%) of such voters and shall be otherwise held under and governed by the election provisions of Article 4478, Revised Civil Statutes, 1925, of the State of Texas."

It is our opinion that the Commissioners Court may lease the county hospital under provisions of Article 4494h. Said court may lease or sell the county hospital within the provisions of Article 4494j, Vernon's Civil Statutes.

## S U M M A R Y

The Commissioners Court of Garza County does not have power to cease operations of the Garza County Hospital established under Article 4478, Vernon's Civil Statutes. The Commissioners Court of Garza County has authority to lease its County Hospital in accordance with Article 4494h and to sell or lease its hospital in accordance with Article 4494j, Vernon's Civil Statutes.

Very truly yours,

WAGGONER CARR
Attorney General

By:

Gordon Houser
Assistant

GH:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Roy Johnson
John Reeves
Gordon Cass
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright