

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 17, 1966

Honorable Charles A. Allen
Criminal District Attorney
Harrison County
Marshall, Texas

Opinion No. C-615

Re: Whether Harrison County is
authorized to employ a
secretary for the juvenile
officer pursuant to the
provisions of Article 5139J,
Vernon's Civil Statutes, and
related question.

Dear Mr. Allen:

You have requested, by your letter and subsequent tele-
phone conversations with this office, the opinion of this office
as to whether Harrison County is authorized, pursuant to the pro-
visions of Article 5139J, Vernon's Civil Statutes, to employ a
secretary for the juvenile officer, and if so, may the salary of
such secretary exceed the salary provisions of Article 5139J.

In connection with the foregoing you have stated in
your letter that:

"In 1964 the Commissioners Court of
Harrison County authorized the employment
of a secretary for the Junveile Officer of
Harrison County. Prior thereto, an agree-
ment was worked out with the State Department
of Public Welfare whereby among other things
the State Department of Public Welfare would
appoint a Child Welfare Caseworker, who, in
turn, would be designated by the Juvenile
Board (composed of the District and County
Judge) as Juvenile Officer. . . .

" . . .

"The Department of Public Welfare now
insists that the secretary, who is paid by
the County but qualified by the Department
of Public Welfare, be paid on the merit
system. If the Commissioners' Court of

-2988-

Harrison County complies with the request
of the Department of Public Welfare, the
amount expended would exceed $3,500, the
amount authorized by Article 5139J, which
is the amount originally agreed upon by
Harrison County."

Section 3a of Article 5139J provides in part that:

"The juvenile board of Harrison County
*may appoint a juvenile officer, whose salary
shall be fixed by the Commissioners Court of
said county in an amount not to exceed Three
Thousand Dollars ($3,000) per year*, and whose
allowance for expenses shall not exceed Five
Hundred Dollars ($500) per year. . . .The
Commissioners Court shall provide the necessary
funds for payment of the salary and expenses of
the juvenile officer." (Emphasis added).

While the provisions of Section 3a of Article 5139J
authorize the Harrison County Juvenile Board to appoint a
juvenile officer whose salary shall be fixed by the Commis-
sioners Court in an amount not to exceed $3,000.00 per year
and whose expense allowance shall not exceed $500.00 per year,
we are of the opinion that Section 3a of Article 5139J does
not authorize the Harrison County Juvenile Board or the
Commissioners Court of Harrison County to either employ or
compensate a secretary for the juvenile officer. The
authorization found in Section 3a of Article 5139J is
limited to the employment and compensation of a juvenile
officer and does not provide for the employment or compensa-
tion of other personnel who may work in conjunction with the
juvenile officer. Such conclusion in construing the powers
of the Commissioners Court pursuant to the provisions of
Section 3a of Article 5139J is in harmony with such cases
as Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948);
Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011
(1936); and Roper v. Hall, 280 S.W. 289 (Tex.Civ.App. 1925).

In connection with the foregoing it should be noted,
however, that while Section 3a of Article 5139J does not
authorize the employment or compensation of anyone other
than a juvenile officer, Section 39 and Section 40 of
Article 695c, Vernon's Civil Statutes, the Public Welfare
Act of 1941, provide that:

"Sec. 39. No provision of this Act is intended to release the counties and munici- palities in this State from the specific respon- sibility which is currently borne by those counties and municipalities in support of public welfare, child welfare, and relief services. Such funds which may hereafter be appropriated by the counties and munici- palities for those services may be administered through the county or district offices of the State Department /State Department of Public Welfare/, and if so administered, shall be devoted exclusively to the services in the county or municipality making such appropria- tion.

"Sec. 40. County Child Welfare Boards established or hereinafter appointed in con- formity with Section 4, Acts of 1931, Forty- second Legislature, page 323, Chapter 194 /Section 4 of Article 694a, Vernon's Civil Statutes/, shall function and/or continue to function as provided therein, and the Commissioners Court of any county may ap- propriate funds from its general funds, or any other available fund, for the adminis- tration of such County Child Welfare Boards and provide for services to and support of children in need of protection and/or care." (Emphasis added).

Pursuant to the foregoing provisions, and the conclusions reached in Attorney General's Opinions No. 0-5943 (1944) and No. 0-6335 (1945), it would appear that the Commissioners Court of a county would be authorized to employ such personnel as it deemed necessary to provide for services to and support of children in need of protection and/or care and compensate such persons so employed in any amount deemed reasonable and proper by the Commissioners Court. In addition, if an individual employed by the Commissioners Court, pursuant to Section 39 and Section 40 of Article 695c, had as one of his or her duties the task of acting as secretary to the juvenile officer of the county, we are of the opinion that this duty would be within the authorization of Section 39 and Section 40 of Article 695c, as the responsibilities of the county juvenile officer certainly include services to children in need of protection and/or care.

## SUMMARY

The provisions of Section 3a of Article 5139J, Vernon's Civil Statutes, do not authorize the Harrison County Juvenile Board or the Commissioners Court of Harrison County to either employ or compensate a secretary for the juvenile officer.

However, the provisions of Section 39 and Section 40 of Article 695c, Vernon's Civil Statutes, would authorize the Commissioners Court to employ such persons as it deemed necessary to provide for services to and support of children in need of protection and/or care, and compensate such persons in any amount deemed reasonable and proper by the Commissioners Court. In turn, a person so employed pursuant to Section 39 and Section 40 of Article 695c, could have as one of his or her duties the task of acting as secretary to the juvenile officer.

Very truly yours,

WAGGONER CARR
Attorney General

By: Pat Bailey
Assistant

PB:mkh:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Roy Johnson
John Banks
Edward Moffett

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright