

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 13, 1973

The Honorable Weldon C. Wells
County Auditor
202 County Courthouse
Waco, Texas 76701

Opinion No. H- 51

Re: Whether Commissioners Court
may authorize payments to
survivors of a deceased employee.

Dear Mr. Wells:

You have requested the opinion of this office on the following questions:

"1. May the Commissioners Court authorize
payment to the beneficiaries of a deceased employee
for unused vacation time and/or other compensation
to which the employee was entitled at the time of his
death?

"2. May the Commissioners Court authorize any
payment to the beneficiaries of a deceased employee on
behalf of the employee for a period subsequent to the
time of his death?"

In your letter you state that this request was prompted by an order of
the Commissioners Court that a change be made in county policy relative
to the death of county employees, retroactive to June 1, 1972, and effective
immediately. The change would provide a death benefit of a determinable
amount plus monetary compensation for any accrued and unused vacation
time based on the employee's monthly per diem rate.

Section 51 of Article 3 of the Texas Constitution provides in part:

"The Legislature shall have no power to make
any grant or authorize the making of any grant of
public moneys to any individual, association of in-
dividuals, municipal or other corporations what-
soever . . . ."

Section 52 of Article 3 of the Texas Constitution provides in part:

"Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company . . . ."

Section 53 of Article 3 of the Texas Constitution provides:

"The Legislature shall have no power to grant or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay nor authorize payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law. "

The Legislature has authorized compensation for county employees by enactment of Article 3912k, Vernon's Texas Civil Statutes, which provides in part:

"Except as otherwise provided by this Act and subject to the limitations of this Act, the Commissioners Court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act. "

While this statute authorizes the county to fix the amount of compensation its employees shall receive, it does not and cannot authorize the counties to do that which is prohibited by the previously quoted provisions of the Texas

Constitution. It is therefore our opinion that the action of the commissioners court under consideration cannot be given the attempted retroactive effect, and can only have effect after the date of passage. Pierson v. Galveston County, 131 S. W. 2d 27 (Tex. Civ. App. , 1939); Empire Gas & Fuel Co. v. State, 47 S. W. 2d 265 (Tex. 1932).

The order of the commissioners court authorizing payment of funds to the survivors of a deceased employee, measured by the salary of said employee, but to which said employee had no right at the time of his death, is in the nature of a death benefit provision. There is no authority for the commissioners court to provide death benefits in this manner.

Article 16, § 62(b), Texas Constitution, authorizes each county to provide for and administer a Retirement, Disability and Death Compensation Fund, but does not authorize such benefits as those set out in the order under examination.

The commissioners court is a court of limited jurisdiction and has only such powers as are conferred upon it by the Constitution and statutes of this State either by express terms or by necessary implication. Childress County v. State, 92 S. W. 2d 1011 (Tex. 1936); Hill v. Sterrett, 252 S. W. 2d 766 (Tex. Civ. App. , 1952, error ref. , n. r. e. ); Von Rosenberg v. Lovett, 173 S. W. 508 (Tex. Civ. App. , 1915, error ref. ); Roper v. Hall, 280 S. W. 289 (Tex. Civ. App. , 1925). The attempted grant of death benefits, in our opinion, is not authorized by the constitutional and statutory provisions relative thereto, and therefore constitutes an attempted grant or gift of public moneys to individuals in violation of the previously quoted constitutional provisions.

Your request for our opinion concerning unused vacation time and other compensation to which the employee was entitled recognizes that the payment under discussion is of compensation previously earned by the employee. It is therefore our opinion that such payments would not constitute a gift or grant of public moneys. It is also our opinion that the commissioners court is authorized to make such payments for previously earned unused vacation time and other compensation by the provisions of Article 3912k, V. T. C. S. , which states that such court "shall fix the amount of compensation, office expense, travel expense and all other allowances."

## SUMMARY

Upon the death of an employee, the Commissioners Court may authorize payments of accrued vacation time and for other earned compensation but may not authorize payment at death of other benefits not previously earned or accrued.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee