

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 26, 1951

Hon. Lloyd A. Wicks, Jr.  
County Attorney  
Crosby County  
Crosbyton, Texas

Opinion No. V-1331

Re: Authority of the com-
missioners' court to
call a special election
on levying a special
tax for the upkeep of
public cemeteries.

Dear Sir:

You have requested an opinion on the authority of the commissioners' court to call an election on levying a special tax for the maintenance and upkeep of public cemeteries in view of House Bill 185, Acts 52nd Legislature, R.S. 1951, ch. 271, p. 437 (Art. 2351f, V.C.S.), which provides:

"Commissioners Courts of the counties
of this State are hereby authorized to spend
moneys in the general fund for the purpose
of maintenance and upkeep of public cemeter-
ies in their respective counties."

Your letter states that Crosby County is now levying the county general tax at the maximum rate allowed by Section 9, Article VIII, Constitution of Texas.

The decisions of the Texas courts have repeatedly held that the commissioners' court is a court of limited jurisdiction and has only such powers as are conferred upon it, either by express terms or by necessary implication, by the Constitution and statutes of this State. Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508 (Tex. Civ. App. 1915, error ref.); Roper v Hall, 280 S.W. 289 (Tex. Civ. App. 1925); Art. 2351, V.C.S.; 11 Tex. Jur. 632, Counties, Sec. 95.

Although House Bill 185 authorizes the maintenance and upkeep of public cemeteries, it contains no provision authorizing a levy of special tax therefor. While the Legislature might have made the authority of the commissioners' court to spend moneys in the general

fund for this purpose conditional upon a favorable vote of the taxpaying voters of the county, it could not have authorized the levying of a special tax in addition to the taxes permitted under Section 9 of Article VIII of the Constitution. In this instance, the Legislature has not required a vote of the taxpayers as a prerequisite to the expenditure of moneys for the maintenance and up-keep of public cemeteries and has specifically provided that these expenses are to be paid out of the general fund of the county.

You are therefore advised that the commissioners' court is not authorized to call an election for the purpose of levying a special tax for the maintenance and upkeep of public cemeteries.

### SUMMARY

The commissioners' court does not have authority to call an election to levy a special tax for maintenance and upkeep of public cemeteries. Only the general fund of the county may be used for such purposes. H. B. 185, Acts 52nd Leg., R.S. 1951, ch. 271, p. 437 (Art. 2351f, V.C.S.)

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

JR:wah

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant