

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

*Overruled by*
*M - 726*
*where conflicts*

July 9, 1959

Honorable Donald E. Short
County Attorney
Wichita County
Wichita Falls, Texas

Opinion No. WW-662

Re: The authority of the
Commissioners' Court
of Wichita County,
Texas to reimburse
the Sheriff for cer-
tain expenses.

Dear Mr. Short:

In your recent letter you have requested our opinion as to whether the Commissioners' Court of Wichita County may or must reimburse the Sheriff of that county for certain expenses incurred by him in defending a suit by a judgment creditor against the Sheriff and the surety on his official bond. The expenses were for attorneys' fees, court costs and traveling expenses.

According to the brief accompanying your letter, the suit was brought under Articles 3825 and 3826, Vernon's Texas Civil Statutes. The motion for judgment which you have sent to us shows allegations to the effect that the Sheriff failed to promptly levy upon and sell property subject to execution when the same might have been done and that the Sheriff failed to make a timely return on the writ of execution. You have also sent us a copy of a judgment entered by the District Court against the Sheriff and his surety for damages and costs of court. We assume that no appeal was taken from such judgment and that same has become final.

On the question of whether the Commissioners' Court <u>must</u> reimburse the Sheriff for such expenses, we note that Section (b) of Article 3899, Vernon's Texas Civil Statutes, provides in part that the Sheriff ". . . where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county <u>all reasonable expenses necessary in the proper and legal conduct of his office</u>, . . .".

The expenses to a Sheriff of defending a suit for damages arising from failure to perform his official duties as required by law are obviously not expenses necessary in the _proper_ and _legal_ conduct of his office. It is the improper nature of the acts of the Sheriff which gave rise to the instant suit and the expenses for which reimbursement is sought. In the instant situation it has been determined by a court of competent jurisdiction that the Sheriff acted improperly. The expenses were incurred by the Sheriff in consequence of such improper acts. Accordingly, we are of the opinion that the Commissioners' Court has no mandatory duty to reimburse the Sheriff for such expenses.

_May_ the Commissioners' Court reimburse the Sheriff for such expenses?

A Commissioners' Court is a court of limited jurisdiction and has only such powers as are conferred upon it by the Constitution and laws of this State by express terms or necessary implication. Hill v. Sterrett, 252 S.W. 2d 766 (Civ.App. 1952, error ref. n.r.e.); Canales v. Laughlin, 147 Tex. 169, 214 S.W. 2d 451 (1948); Childress County v. State, 127 Tex. 343, 92 S.W. 2d 1011 (1936); Roper v. Hall, 280 S.W. 289 (Civ.App. 1925). We have found no constitutional or statutory provision conferring authority on Commissioners' Courts to reimburse the Sheriff for court costs, travel expenses or attorney's fees incurred in defending such a suit as the one involved here.

It has been repeatedly held by this Department that the Commissioners' Court has the power and authority to employ attorneys in the prosecution of its claims and suits and pay for such services out of the General Fund of the county where the county, as a whole, is interested and affected in such proceedings. Attorney General's Opinions V-995 (1950); V-232 (1947); and O-4955 (1942).

In Opinion V-232 (1947), this Department held that a County Commissioner was not entitled to reimbursement from the county for his attorney's fees in defending a suit against him and his bonding company for damages arising from the Commissioner's negligence in failing to repair a county bridge. At first the county was not named as a party to such suit. Later the county was named as defendant and the Commissioners' Court employed the attorney already representing

the Commissioner to assist the County Attorney in defending the suit against the county. The Commissioners' Court was held to be authorized to employ and pay the attorney for his services in defending the county after the county was made a party to the suit, the reason being that the county as a whole then became interested in and affected by the suit.

In Opinion O-4955 (1942), the Commissioners' Court was held to be authorized to pay a private attorney for representing the court and the county in a suit against the County, County Judge, Commissioners, County Auditor, County Clerk and County Treasurer to enjoin them from paying out county funds for dirt purchased from a county employee. The suit named the county as a defendant and was viewed as one affecting the county as a whole.

A suit against the County Judge and the Commissioners' Court to set aside an order of the court dividing revenue from the automobile registration tax in a certain manner and to restrain the court from taking certain action concerning said division was held in Opinion O-1440 (1939) to authorize the Commissioners' Court to hire and pay an attorney to defend such suit. The county was named as a defendant and the distribution of the county's revenue from automobile registration fees was regarded as a matter of concern to the whole county. It was noted in the opinion that the Commissioners' Court would not have lawful authority to retain and compensate special legal counsel to represent only the three precincts whose Commissioners were specifically named as defendants. The employment would have to be under a contract to represent the Commissioners' Court.

In City National Bank of Austin v. Presidio County, 26 S.W. 775 (Civ.App. 1894), the Commissioners' Court was held to be authorized to hire counsel to represent the Commissioners' Court in a suit against the County Judge and the Commissioners to enjoin them from removing the county seat from one town to another. The court said:

> ". . . It is conceded that the commissioners have power, as managers of the business affairs of the county, to incur such liability in cases in which the county as such is directly interested;
> . . .

".  .  . We are clearly of opinion that
the commissioners did not exceed their
powers in the employment of the attorneys.
.  .  . While it was nominally a suit against
them as individuals, its design and effect
was to obstruct and control the performance
of their official acts, and we are not dis-
posed to hold in such a case that they must
do nothing towards defending such suit, or
must employ counsel at their own expense."
(Emphasis ours).

In the present case neither Wichita County nor the
Commissioners' Court of that county were ever named as de-
fendants.  The Commissioners' Court did not employ or
authorize the employment of the attorney.  The design and
effect of the suit was not to obstruct or control the per-
formance of official acts, but to recover damages from the
Sheriff and his bonding company for his failure in the past
to properly perform his official duties.  In view of the
foregoing, it cannot be said that the county as a whole was
interested in or affected by such a suit.  Hence, in our
opinion, the Commissioners' Court is not authorized to re-
imburse the Sheriff for his expenses in defending such suit.

### SUMMARY

The Commissioners' Court of Wichita
County is not authorized to reimburse
the Sheriff of Wichita County for ex-
penses incurred by the Sheriff in de-
fending a suit for damages against the
Sheriff and the surety on his official
bond based on the Sheriff's failure to
perform his official duty as required
by law.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Henry G. Braswell

Henry G. Braswell
Assistant

HGB:mg:rm

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

William E. Allen
Elmer McVey
Dean Davis
Marvin H. Brown, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert